[No. 6,067.—Department No. 1.]

## THE PEOPLE *v.* GARDNER ET AL.

OFFICIAL BOND — SURVEYOR-GENERAL — REGISTER.—In an action upon the official bond of G. as Surveyor-General, (during the years 1871 to 1875) *held,* that neither G. nor his sureties were liable for his malfeasance in the office of Register.

ID.—ID.— *Held further,* that it was the duty of the Surveyor, under the Political Code, and also under the law existing before the adoption of the Codes, to collect a fee of $5 from each applicant for land, and that his failure to do so was a non-performance of duty, and a breach of his official bond, for which he and his sureties were liable.

APPEAL from a judgment for the defendants, and from an order denying a new trial, in the Sixth District Court, County of Sacramento. DENSON, J.

*The Attorney-General,* and *P. Dunlap,* for Appellant.

*A. P. Catlin,* and *Henry Edgerton,* for Respondents.

McKEE, J. :

Robert Gardner, one of the defendants in this case, was elected Surveyor-General of the State, at the general election of 1874, and continued in office until the first Monday in December, 1875. Before entering upon the duties of his office, he took the oath of office and gave bond with the other defendants as sureties, in the sum of ten thousand dollars, conditioned as follows, to wit: "Now, therefore, if the said Robert Gardner shall well

and faithfully perform all the duties of his said office, as required by law, and shall pay over all moneys that may come into his hands in the pursuance of the requirements of the statutes of said State, and shall faithfully execute and perform all the duties of such office required by any law to be enacted subsequent to the execution of this bond, then this obligation to be void and of no effect; otherwise, to be and remain in full force and virtue."

For an alleged breach of this bond the action in hand was brought, and it is charged by the complaint in the action, that, during his term of office, there were fees of office amounting in the aggregate to the sum of $75,845.43, which the defendant Gardner failed and neglected to collect and account for to the State; and that those fees of office which he did collect for the use and benefit of the State, amounting in all to the sum of $76,620, he failed to disburse according to law for the benefit of the State, or to pay into the treasury of the State, but converted the same to his own use.

On the trial of the case, proof was made, by the "Application Books" in the Surveyor-General's office, that there had been filed during the term of office of defendant, 7,193 applications to purchase lands belonging to the State of California, the fees for filing 5,798 of which were paid to the Surveyor-General, and that upon 1,381 applications he had failed to collect the fees.

Evidence was also offered to show that contests were made before the Surveyor-General by opposing applicants for the purchase of State lands, and that he referred these contests to the District Courts by orders made and signed by him as Register of the State Land Office. About 200 of these orders were made in all. The greater number of them were made between December, 1871, and January, 1873, and the others between January, 1873, and December, 1875. Evidence was also offered to show that, during his term of office, the Surveyor-General had, as ex-officio Register of the State Land Office, issued 7,046 certificates of purchase of State lands, and upon final payment had prepared patents, on the surrender of the certificates; and the amount of fees which had been paid to him therefor, and for listing lands to the State, and for other services rendered by him in his capacity as Register. The Court rejected the evi-

dence, and when the plaintiff rested, nonsuited the plaintiff, upon the ground that it had not been proved that the defendant Gardner, as Surveyor-General, had misappropriated any moneys collected by him in his office.

We think that the Court did not err in excluding the evidence of acts done by the defendant Gardner, as Register of the State Land Office. Neither Gardner nor his sureties were liable upon the official bond of the Surveyor-General for malfeasance in the office of the Register, unless the acts of that office were part of the duties imposed upon the Surveyor-General, or were provided for by the bond given by him in his capacity as Surveyor-General. It was undoubtedly within the power of the Legislature to provide that duties required by law to be performed by the Register of the State Land Office should be performed by the Surveyor-General. If the Legislature had imposed these duties on the latter, he would have been bound to perform them, and for non-performance he and his sureties would have been liable, for they bound themselves for the faithful performance of all duties which may have been made the appropriate functions of the office, whether made such by laws enacted prior or subsequent to the execution of his official bond; or if the Legislature had provided that the bond given by the Suveyor-General should include the duties required of the Surveyor-General, and of the Register of the State Land Office, the sureties upon the bond of the former would be liable. But the Legislature made no such provision. When it created the two offices it made them separate and distinct. (Act of March 28th, 1868, Stat. of 1867–8, p. 507; Amended Act of 1870, p. 875.) The offices were so blended that the bond executed for the faithful performance of the duties appertaining to the one would embrace the obligations belonging to the other. (*People* v. *Edwards*, 9 Cal. 286.) They were distinct as though filled by different persons. The duties and obligations of the one were entirely independent of the duties and obligations of the other. Before 1873 no bond was required for the performance of the duties of the office of Register. Upon the adoption of the Code, the two offices were continued under the supervision and control of one officer, but the Surveyor-General as *ex-officio* Register was required to give an additional bond to that which he gave as Surveyor-General. (§ 502, Pen. Code.) For

any malfeasance in the Register's office, the sureties to his official bond are liable. The sureties to the bond of the Surveyor-General are liable only for the non-performance of such duties as have been imposed by law upon him and come within the scope of his office. But the law required him to discharge the duties relating to the public lands imposed upon him by title 8 of part 3 of the Political Code. (§ 483, Pen. Code.) In the distribution of duties to the two offices in relation to the management and sale of lands belonging to the State, the Legislature specially enjoined upon the Surveyor-General, as a duty appertaining to his office, to collect a fee of $5 from each applicant for land, and required him to make a report to the Governor of the State of the amount of fees received by him and the Register, and how the same were disposed of. Before the adoption of the Codes, this duty was also required of him. (§ 55, Act of March 28th, 1868; amended, April 4th, 1870 ; Stats. 1869-70, p. 876.) These fees were to be used in defraying the expense of procuring maps, records, documents, and extra assistance in the office of the Surveyor-General, or of the Register, and the balance, if any, was to be paid into the State treasury quarterly. (Stats. 1869–70, p. 876 ; § 3,574 Pol. Code.) The collection of these fees was a plain duty appertaining to the office of the Surveyor-General.

It is the duty of an officer to do what the law requires to be done in his office, for the law is to him a command which he must obey. If it prescribes the course which shall be taken, and the thing which must be done by any one in office, the officer cannot disregard it. A failure to obey the law, or a disregard of duty, is a non-performance of duty, and a breach of the official bond of the officer for which he and the sureties thereon are liable. When, therefore, the plaintiff had proved that the defendant Gardner, during his term of office, had failed to collect the fees on 1,281 applications to purchase land belonging to the State, and to account for the same as required by law, that proof should have been considered by the Court, and the Court erred in granting a nonsuit.

Order denying motion for a new trial reversed, and cause remanded.

Ross, J., and McKINSTRY, J., concurred.