[No. 7,147.—Department Two.]
July 29, 1882.

TIMOTHY PAIGE *v.* PATRICK CARROLL ET AL.

STATUTE OF LIMITATIONS—ACTION AGAINST SHERIFF ON HIS OFFICIAL BOND—
CONSTRUCTION OF STATUTE.—An action against a sheriff and his sureties upon his official bond for the seizure of property by the Sheriff under attachment comes within the provisions of the second subdivision of § 339 C. C. P. and must be brought within two years from the time the action accrues.

APPEAL from a judgment for the defendants in the Superior Court of the County of Merced. MARKS, J.

*Edward J. Pringle,* for Appellant.

The case of *Placer County* v. *Dickerson,* 45 Cal. 12, determines that subdivision 1 of Section 338 does not apply. The reason of that case extends also to subdivision No. 3 of the same section. If this action were brought upon a liability, created by statute, or for the taking of goods and chattels unaided by any written instrument, the bar of the statute

would apply. But in the one case as in the other, the bar is avoided by the written instrument.

The same reasoning applies to subdivision 2 of Section 339. The action against the Sheriff, like any other liability created by statute, is in this case merged in official bond. The mere official duty of the Sheriff was in this case fortified by his written obligation—upon that written obligation and not upon the mere legal liability, the action is brought. The right of action for breach of the legal obligation is limited only by the amount of damage suffered. The right of action upon the bond is limited by the terms of the written contract. The causes of action therefore are wholly different.

But even if the action against the Sheriff were·barred, the action against the sureties continued. (Baylies on Guaranty and Suretyship, p. 147, sec. 8, pp. 275, 276; Brandt on Suretyship, secs. 208 and 296; *Dane* v. *Corduan,* 24 Cal. 157; See *Sichel* v. *Carrillo,* 42 id. 499, 504, supported by *Villars* v. *Palmer,* 67 Ill. 204; *Nashville Bank* v. *Campbell,* 7 Yerg. 353; *People* v. *White,* 11 Ill. 348; *Sibley* v. *McAllaster,* 8 N. H. 389; *Hooks* v. *Branch Bank,* 8 Ala. 580. And see *Cope* v. *Smith,* 11 Am. Dec. note, pp. 589, 590, and cases cited; *Johnson* v. *Planter's Bank,* 4 Smed. & M. 12 Miss. 171; *Cohea* v. *Commissioners,* 7 id. 15 Miss. 437.)

*P. D. Wiggington,* for Respondents.

The defendants rely on the statute of limitations. First, as to the Sheriff himself: we claim that the action, so far, at least, as affects the Sheriff, was barred by subdivision 2 of Section 339 of the C. C. P. The act complained of was "a liability incurred by the doing of an act in his official capacity" by the Sheriff, within the very terms as well as the spirit and intent of the clause. The gist of the action is the taking or conversion of the property by the Sheriff.

The act sued for is none the less an act done by the Sheriff "in his official capacity, and in virtue of his office," because this suit is brought nominally upon the official bond, than it would have been had the suit been in trespass or trover. The bar of the statute is to be determined by the nature of the act done, and not by the nature of the remedy adopted.

Second, as to the sureties. We submit that the same bar

applies in favor of the sureties, as in favor of the Sheriff. The Sheriff in this case is the principal, and the defendants are the sureties. If it does not follow that the bar of the statute runs in favor of the sureties as well as of the principal, then it results that the bar of the statute, so far as respects the Sheriff, is but a mockery; for, if the bar does not attach in favor of the sureties the same as in favor of the Sheriff himself, then it follows that, in case the sureties are sued after the expiration of the two years' statute, but before the expiration of the four years' clause, and judgment be obtained against them and satisfied, they could sue the Sheriff as their principal and recover against him at any remote time after the statute of two years had run in his favor. Thus, in reality the second clause of Section 339 would be entirely ineffectual as a protection to the Sheriff.

The doctrine that mere delay or non-action of a creditor in respect to the principal will not discharge the surety, depends upon general principles, and not upon statute. But we are here seeking to arrive at the construction and operation of statutory provisions. The cases of infancy, coverture, and bankruptcy, depend upon laws peculiar to themselves, and a reference to them throws but little, if any, light upon the operation and effect of statutory bonds of sheriffs. They do not tend to show that a personal discharge of the sheriff by the statute of limitations, does not also operate as a personal discharge of his sureties, which is the question here.

SHARPSTEIN, J.:

This action was brought against a Sheriff and his sureties upon his official bond to recover damages which the plaintiff alleges that he has sustained by reason of the seizure and sale of certain personal property by said Sheriff under a writ of attachment against the property of one Anderson. The allegation is, that the property was taken and carried away on the eighth day of August, 1876. This action was commenced on the twentieth day of January, 1880, after a lapse of more than three years after the alleged cause of action arose. The complaint was demurred to, and the demurrer sustained on the ground that the action was barred by Sections 338 and 339 of the Code of Civil Procedure. This appeal is from the judg-

ment entered in favor of the defendants, in default of the plaintiff's amending his complaint.

The period prescribed for the commencement of "an action upon a liability created by statute" or "for taking, detaining or injuring any goods or chattels" is three years; and for the commencement of an action against a Sheriff * * * "upon a liability incurred by the doing of an act in his official capacity, and in virtue of his office," is two years. (C. C. P. § 338; Id. § 339).

It is conceded that a simple action against the Sheriff otherwise than upon his official bond, for doing what he is alleged to have done in this case would have to be commenced within three years after the right of action accrued in order to avoid the bar of the statute. But it is claimed that neither of the sections relied upon applies to this case. And it must be admitted that neither of them does in terms limit the time within which an action may be brought upon a bond of this description. Still it is sufficiently manifest that it was the intention of the Legislature to limit the time within which an action could be commenced "upon a liability incurred by the doing of an act in his official capacity." And the liability relied upon in this case was precisely of that character. This case, if not within the letter, appears to be within the reason of the rule which requires that actions against Sheriffs shall be commenced within one of the periods prescribed by the sections of the Code above cited. And the provisions of the Code on this subject "are to be liberally construed, with a view to effect its objects and to promote justice."

Before entering upon the discharge of the duties of his office every Sheriff is required to give a bond similar to that given in this case, and if the position of the appellant's counsel be correct, no action against him, for doing what he is alleged to have done in this case, would be barred until after the expiration of the period within which actions may be commenced upon bonds of that character.

The reason and object of a statute are a clue to its meaning (Dwar. on Stat. 695), and we experience no difficulty in arriving at what we conceive to be the object of the statute which limits the time within which an action may be brought

against a Sheriff "for a liability incurred by the doing of an act in his official capacity." We can not believe that the object was to allow a longer period for commencing an action against him and his sureties for such liability, than is allowed for commencing an action against him alone for it.

Judgment affirmed.

ROSS, J., and MORRISON, C. J., concurred.