STATE, ·FOR USE, ETC., v. THOMAS.

(*Nashville.* February 8, 1890.)

1. STATE TREASURER. *Official bond does not cover defaults as Insurance Commissioner.*

The State Treasurer's bond does not cover, and his sureties thereon are not bound for, that officer's acts or defaults as *ex officio* Commissioner of Insurance.

Code construed: §253 (M. & V.); §224 (T. & S.).

2. SAME. *Personal responsibility as Insurance Commissioner. Liable only for corrupt acts.*

The act of the State Treasurer, in his character of Insurance Commissioner, in· passing upon an application for issuance of license to an insurance company and its agents, is judicial under our statutes, not ministerial; and therefore he is not personally liable for injury resulting from his illegal action in this regard, unless he acted corruptly.

Code construed : §§2575, 2563 (M. & V.).

3. SAME. *Same. " Knowingly " is not equivalent to " corruptly."*

He is not liable upon an averment that he " knowingly " issued license to an insurance agent without authority of law. " Knowingly " is not equivalent to " corruptly." It does not necessarily import willfulness or malice. While presumed to *know* the law, he may, *in fact*, be ignorant of it without his fault or negligence.

*Quære: Does* the Act of 1887, Ch. 178, authorize the licensing of mutual fire insurance companies or their agents?

---

FROM DAVIDSON.

---

Appeal from Chancery Court of Davidson County. ANDREW ALLISON, Ch.

J. C. McReynolds and Haynes & Haynes for Complainants.

J. G. Wallace, Wm. House, Cook & Marshall, Hearn & Berry, and Vertrees & Vertrees for Respondents.

Snodgrass, J. The defendant, Thomas, was Treasurer of the State for the years 1887, 1888. The other defendants were sureties on his official bond as such. He was *ex officio* Insurance Commissioner during his term, and as such issued license to one Rives Walker, as agent of the North-western Mutual Insurance Company, of Washington, Dakota, and authorized said company to do an insurance business in Tennessee for the year 1887. The license issued recited that the company had complied with the law of Tennessee, and was authorized, according to its provisions, to carry on the business of insurance.

The complainants took out policies in said company of said agent, sustained losses by fire, and, discovering, as they allege, that the company was insolvent, brought this suit against Mr. Thomas and the sureties on his official bond as Treasurer to recover of them the amount of the losses sustained, on the ground that he knowingly issued the license in violation of law.

The defendants demurred to the bill on several grounds—the sureties insisting, among other things, that the bond of Treasurer covered no such liability

as that alleged; that the bond of Treasurer was only to secure the performance of his duties as such to the public, and, under statute, specially devolving upon him any pecuniary liability to individuals. Instance Code, § 2568.

This defense is clearly well founded, and need be no further noticed. The question of Mr. Thomas' personal liability depends upon other considerations.

The Chancellor dismissed the bill as to all, and complainants appealed.

The complainants insist that to knowingly issue license in violation of law is to willfully and maliciously do so, and that, if not the same, is equivalent to a corrupt violation of duty, and renders him liable.

If this construction were correct, the bill would state a case against him personally, but this is not a correct construction.

The complainants had alleged that defendant willfully, maliciously, and knowingly violated the law in the issuance of the license, but, on the hearing below, in open Court withdrew "so much of the bill and charges thereof as stated and charged that the action of the Commissioner was willful, malicious, or corrupt, save and so far as the same may be predicated upon the fact that he, as Commissioner, knowingly issued the certificate and permitted the company to do business in Tennessee in violation of law."

The elimination of the charges stating or imply-

ing corruption left only the allegation that he knowingly did the act complained of.

In answer to this charge, the defendant claims authority to license the company under an Act of the Legislature passed March 23, 1887 (Acts 1887, page 303), which does authorize the licensing of mutual companies. But complainants insist that this law, which is of doubtful construction, did not authorize the licensing of fire insurance companies, and, if it did, it is unconstitutional for various reasons not necessary here to state. The argument is then made that the Treasurer is bound to know the law—is bound to know the proper construction of this statute if good, and its unconstitutionality if bad.

Granting that all this is true, it proves that he may technically and by fiction of law know what he in fact does not know, and demonstrates that a man, in legal fiction, can do a thing "knowingly," according to a proper legal construction of that term, and yet not do it willfully and maliciously in fact, and proves the first proposition asserted: that the charge that Mr. Thomas knowingly violated the law is not a charge, or equivalent to a charge, that he willfully and maliciously violated the law.

By no construction, then, can the charge of the bill be treated as implying corrupt action; and this is necessary to fix a personal responsibility on Mr. Thomas, unless he acted in a purely ministerial capacity in the issuance of the license. If his

State, for use, etc., *v.* Thomas.

action was purely ministerial, and required the exercise of no judicial discretion, then he might be liable without corruption. But his action was not purely ministerial. The statute provides that " Whenever any insurance company shall have fully complied with all the requirements of this article [and among these requirements is to answer, to the satisfaction of the Commissioner, such inquiries as may, in his judgment, be necessary to elicit a full exhibit of the business and standing of such company, in addition to all special requirements enumerated], and the Commissioner is *satisfied* that the affairs of such company are in a sound condition, he shall issue certificates authorizing such persons as such company may designate to transact the business of insurance for and in behalf of such company in this State," etc.   Code, §§ 2575, 2563 (M. & V.).

He is clearly vested with a discretion to grant, and he is also invested with discretion to revoke the license of an insurance company, under certain circumstances appearing to his satisfaction.   Code, § 2572.

It follows that his action in issuing the license was discretionary, and therefore judicial. No liability, consequently, attached unless it was corrupt; and, no corruption being alleged, the bill, on this ground, was properly dismissed. It is not necessary to discuss other grounds of demurrer.

The decree is affirmed, and the bill dismissed with costs.