[S. F. Nos. 1529 and 1688.  In Bank. — May 1, 1901.]

COUNTY OF SONOMA, Respondent, *v.* GIL P. HALL et al., Appellants.

Officers — Action upon Official Bond — Non-payment of Fees Collected — Liability Created by Statute — Statute of Limitations. — The liability of a county recorder for failure to pay to the county the fees required by law to be collected and paid over by him, is a liability created by statute, which is barred, as to the recorder, within three years after the breach of his official duty; and his sureties, in an action on his official bond, are entitled to plead the same statute of limitations which their principal would have been entitled to plead if he had been sued in an independent action for the breach of his official duty.

Id. — Nature of Official Bond — Contract — Security — Relief of Sureties. — An official bond, though it is in one sense a contract in writing, is at the same time merely a security for the faithful performance by the officer of his official duties. Where the primary obligation of the officer is barred or in any legal way extinguished, the sureties are relieved in like manner as a guarantor upon a written guaranty to answer for the debt of another would be relieved, when the primary obligation of the principal debtor is barred or extinguished, notwithstanding the written contract.

Id. — Cases Affirmed, Overruled, and Distinguished. — The cases of *People* v. *Van Ness*, 76 Cal. 12, and *Paige* v. *Carroll*, 61 Cal. 211, are affirmed. The case of *Placer County* v. *Dickerson*, 45 Cal. 14, is overruled, in so far as holding that an action upon an official bond is not upon a liability created by statute. The cases of *People* v. *Burkhart*, 76 Cal. 606, *People* v. *Huson*, 78 Cal. 154, *People* v. *Van Ness*, 79 Cal. 89, and *Ventura County* v. *Clay*, 114 Cal. 245, are criticised and distinguished.

Id. — Gist of Action on Bond — Collateral Remedy against Sureties. — The gist of the action on the official bond is the failure of the principal to pay over the money. The bond imposes upon the principal no obligation different from that created by statute; and it is not the cause of action, but merely collateral thereto, and affords a remedy against the sureties as a means of enforcing the obligation of the principal.

Id. — Rights of Sureties. — The sureties on the official bond are not to be held beyond the strict terms of their contract. They have a general right to avail themselves of all defenses that would be allowed by their principal, and can be in no worse position than he would be if sued separately for failure to pay the money to the county.

Id. — Answer of Statutes of Limitation — Demurrer — Determination of Issues Raised. — Defendants have the legal right in their

answers to plead any statutes of limitation. A demurrer thereto should not be sustained, but it is the duty of the court to determine the issues of fact thus raised in its consideration of the case.

APPEALS from judgments of the Superior Court of Sonoma County and from orders denying a new trial. S. K. Dougherty, Judge in case No. 1529. J. M. Mannon, Judge in case No. 1688.

The facts are stated in the opinions.

Anson Hilton, and J. P. Rodgers, for Appellants in each case.

W. F. Fitzgerald, ex-Attorney-General, Henry E. Carter, ex-Deputy Attorney-General, Tirey L. Ford, Attorney-General, George A. Sturtevant, Deputy Attorney-General, Emmet Seawell, District Attorney, and J. R. Leppo, for Respondent in case No. 1529.

Tirey L. Ford, Attorney-General, George A. Sturtevant, Deputy Attorney-General, O. O. Webber, District Attorney, and J. R. Leppo, for Respondent in case No. 1688.

THE COURT.—In the decisions of these causes in Department, the case of *Placer County* v. *Dickerson*, 45 Cal. 14, was not considered. It contains a declaration contrary to the views expressed in Department, and for that reason a rehearing of the question was ordered. After such rehearing, and full consideration of the cases relied on by the petitioner, the court adheres to the reasoning and decisions contained in the Department opinions. In *Placer County* v. *Dickerson*, the decision upon this question is found in a single sentence. No discussion accompanies the determination, no authorities are cited, no reasoning indulged in. The court said, merely: "The action is founded upon the official bond of Dickerson, as treasurer of Placer County, signed by defendant, and running to the people of the state of California as the obligee therein, and the county of Placer had a right to maintain an action for a breach of its condition, by which an injury has been suffered by the county." But, as pointed out in the Department opinions, while the bond of a public official is, in a sense, a contract in writing, it is at the same time merely security for the faithful performance by the officer of his duties. A written guaranty to answer for the debt of another is likewise a contract in

writing, but no one would have the temerity to say, if the statute of limitations had barred the primary obligation, or in any other legal way it had become extinguished, that because the guaranty was a contract in writing, the four years' statute of limitation would apply. The declaration in *Placer County* v. *Dickerson*, that the action was not upon a liability created by statute, is in direct conflict with the language of the later cases of *People* v. *Van Ness*, 76 Cal. 122, and *Paige* v. *Carroll*, 61 Cal. 211. Of the other cases cited by petitioner,— which cases, he contends, follow and support *Placer County* v. *Dickerson*,—*People* v. *Gardner*, 55 Cal. 304, was an action upon the official bond of the surveyor-general, and it is held that neither he nor his sureties were liable for his misfeasance in the office of registrar. The statute of limitations upon an official bond is not discussed nor referred to. *People* v. *Van Ness*, 76 Cal. 122, was an action in debt against the commissioner of immigration for fees collected by him. It is said in the opinion: "A cause of action, therefore, existed in favor of the people against appellant at the time of the expiration of his term of office. This action, having been commenced more than three years thereafter, is barred, under subdivision 1 of section 338 of the Code of Civil Procedure." The opinion therefore holds that the action was upon a liability created by a statute, and was barred in three years, and to this extent supports the views expressed in the Commissioners' opinion. *People* v. *Huson*, 78 Cal. 154, makes no reference to the statute of limitations, nor to any statutory liability. *San Luis Obispo County* v. *Farnum*, 108 Cal. 568, is reversed upon the authority of *San Luis Obispo County* v. *Farnum*, 108 Cal. 562, in which latter case it was held that it was no part of the official duties of a county auditor to receive from the license-collector money collected by him for license taxes due the county, and that the sureties on his official bond are not responsible for moneys so received. It has not the slightest applicability to the question under consideration.

We find nothing, therefore, in the cases cited to warrant a change in our views.

The judgments and orders are therefore reserved and the causes remanded, with directions to the court below to sustain the demurrers to the amended complaints as to all causes of action arising more than three years before the commencement of the action.

The following are the Department opinions, which are approved and adopted: —

[S. F. No. 1529.   Department One. — September 17, 1900.]

COOPER C.— Appeal by defendants from a judgment in favor of plaintiff and from an order denying motion for a new trial.   The defendant Hall was elected county recorder of the county of Sonoma at the November election, 1890, and on December 1, 1890, he executed his official bond in due form, with the other defendants as sureties.   It is alleged that from March 1st to the end of December, 1892, the defendant Hall, in his official capacity, performed official services, "and ought to have charged and collected as the legal fees therefor, and did charge and collect as the legal fees therefor," the sum of $1,210.87, for official services, in excess of the amount paid to the county by him; and that the said amount is due the county and remains unpaid.   The action was commenced March 20, 1896,— less than four years but more than three years after it became the duty of defendant Hall to collect and pay the said money to the county.   The facts are fully stated in the amended complaint, and the defendants demurred thereto upon the ground that it appears upon the face thereof that the alleged cause of action is barred by subdivision 1 of section 338 and subdivision 1 of section 339 of the Code of Civil Procedure.   The court overruled the demurrer, and the defendants pleaded the statute in their answer.   The court found that the action was not barred.   We think the vital question in the case, and the only one necessary to be discussed, is as to whether or not the cause of action was barred at the time of the commencement thereof.   It was the duty of defendant Hall, under the statute, to pay the fees collected for each month to the county on the first Monday of the following month. (County Govt. Act, Stats. 1891, p. 418, sec. 219.)   A cause of action, therefore, existed in favor of the plaintiff and against defendant Hall on the day after the first Monday in January, 1893, for the whole amount claimed in the complaint.   The code provides that an action must be commenced within three years "upon a liability created by statute, other than a penalty or forfeiture." (Code Civ. Proc., sec. 338, subd. 1.)   It will be noted that the complaint seeks to charge defendant Hall with the legal fees that he ought to have collected, and the findings follow the language of the complaint, and find that the amount

was fees that defendant Hall "ought to have charged and collected." The fees that ought to have been collected are the legal fees, at the rate prescribed by statute. The duty of the defendant Hall to collect the fees with which it is sought to charge him being fixed by statute, the rate or amount of such fees being fixed by statute, the liability for not paying them being fixed by statute, and the office which he held being the creation of the statute, we think this cause of action is upon a liability created by statute within the meaning of the code. (*Higby* v. *Calaveras County*, 18 Cal. 180; *People* v. *Van Ness*, 76 Cal. 124.)

The language of subdivision 2 of section 12 of the Code of Civil Procedure of the state of Kansas is the same as our statute above quoted, and it has been expressly held by the supreme court of Kansas, in an action upon the official bond of the county clerk, for fees received by him and not accounted for, that the liability of the clerk was statutory. In the opinion it is said: "The cause of action alleged, as we think, is one upon a liability created by statute, and should have been brought within three years after it accrued. (*Commissioners of Graham County* v. *Van Slyck*, 52 Kan. 627.) It is argued that the action being upon an official bond, the five years' statute provided in subdivision 5 of section 18 of the Civil Code should be applied. This contention cannot be sustained. An action accrued against the defendant for the fees collected and unaccounted for at the quarterly settlement following the receipt of such fees. The public records disclosed the performance of the official services by the clerk and what fees should have been charged and collected." The same rule was again adopted in *Davis* v. *Clark*, 58 Kan. 459.

It follows, that, independent of the official bond, the cause of action was barred at the time it was commenced as to defendant Hall. If there had been no bond executed by Hall, and this action had been brought against him alone, there would be no doubt but that it was barred at the time it was commenced. Does the statute apply to the sureties on the written undertaking? or in other words, can the sureties on the official bond plead the statute which has run against the cause of action?

Sureties are never held beyond the strict terms of their contract, and, in general, they have the right to avail themselves

of all the defenses that would be allowed by their principal. The object of requiring a bond from a public officer is, that the county or state may be secured from any injury caused by the neglect of duty or dishonest act of the official. Here the bond was security to the county, and given, among other things, for the purpose of indemnifying the county against the loss that it might suffer by the failure of Hall to pay the amount in controversy. The county had the right to look to the bond as security for the amount of all damages caused by the breach thereof, but it also owed a duty to the sureties. It should have brought the action for the breach before such action had become barred by the statute. The gist of the action is the failure of Hall to pay the moneys to the county. When he failed to do so, he committed a breach of the bond. The defendants, other than Hall, are made defendants for the purpose of securing a judgment against them, in order to collect the amount of damage caused by the breach. The bond is not the cause of action, but collateral thereto, and a means of which the county might avail itself. If the defendant Hall had, instead of giving the bond, given a mortgage upon real estate, properly conditioned, as indemnity for any breach of his official duty, the mortgage would have been an instrument in writing, but it could not be held to give a cause of action to the county after the time had run for commencing an action for the breach. Surely, the sureties cannot be in a worse position than the principal would have been if sued independent of the bond. If defendant Hall could escape liability by reason of the statute, the other defendants are certainly in no worse position. The bond did not impose upon Hall any duties other than or different from those created by the statute. It created no liability upon the sureties, so long as Hall performed his duties as required by the statute. The liability arose only when Hall neglected to make the payment. The bond was collateral security for the liability.

In the case of *Paige* v. *Carroll*, 61 Cal. 211, the action was against the defendant as sheriff, and the sureties on his official bond, for the wrongful seizure of property. The cause of action as against the sheriff had become barred because not brought within two years after the wrongful seizure. It was claimed that the statute did not apply to the action upon the bond, as it was brought within four years after the wrong complained of, but this court held the position untenable. In

the opinion it is said: "We cannot believe that the object was to allow a longer period for commencing an action against him and his sureties for such liability than is allowed for commencing an action against him alone for it."

The question arose in Ohio in the early case of *State* v. *Conway*, 18 Ohio, 234. The action was against a sheriff and the sureties on his bond. The action against the sheriff for the misfeasance had become barred, but it was claimed that the bond being in writing, the statute as to bringing actions upon written instruments applied. The court, in an able opinion by the chief justice, held that the action was barred as to the sureties. In the opinion it is said: "The actual cause of action is not the execution of the bond,—that is more in the nature of collateral security,—but the cause of action is the misfeasance, the false return. Without proof of the false return, there could be no recovery. The action is, in effect, although not so in form, an action against an officer for misfeasance in office. So far as actions of this character are concerned, the limitation acts upon the cause, not the form, of action. And the effect of the statute cannot be evaded by any change in the form of action." This case has been since followed and approved in the same state. (*Ohio* v. *Blake*, 2 Ohio St. 147; *Mount* v. *Lakeman*, 21 Ohio St. 643.)

In *Ryus* v. *Gruble*, 31 Kan. 767, it was held that an action would not lie against the sureties on a sheriff's bond after the cause of action as against the sheriff had become barred. In the opinion it is said: "The bond does not give the cause of action; the wrongs or delicts do; and the bond simply furnishes security to indemnify the persons who suffer by reason of such wrongs or delicts; and while the statute cited by plaintiff operates to bar every action brought upon the bond to enforce a cause of action which accrued more than five years prior to the commencement of the action, yet such statute does not operate to suspend the operation of the other statute of limitations, or to continue in force or revive a cause of action which had already been barred by some one of the other statutes of limitations."

The rule has since been approved by the same court in the later cases of *Commissioners of Graham County* v. *Van Slyck*, 52 Kan. 622; *Davis* v. *Clark*, 58 Kan. 454; *Provident Loan Trust Co.* v. *Walcott*, 5 Kan. App. 473; *Allen* v. *State*, 6 Kan. App. 915.

In the case of *Ware* v. *State*, 74 Ind. 185, the same rule was applied in favor of the sureties on an auditor's bond, in an action to recover for misappropriation of money, where three years had elapsed before the action was commenced. The question is very fully reviewed in the late case of *Spokane County* v. *Prescott*, 19 Wash. 418.[1] The case is very much like the one at bar. The county treasurer of Spokane County had on hand, January 14, 1895, some fifty-three thousand dollars, which it was his duty, under the statute, to pay to his successor in office. There, as here, the cause of action as against the treasurer for his failure to pay became barred in three years, — to wit, January 14, 1898. The action was commenced against the treasurer and his bondsmen, January 27, 1898, and it was claimed that the action was upon the undertaking, and that the undertaking was an instrument in writing, and the six years applicable to written instruments under the code of Washington applied. The court held that the action, being barred as to the treasurer, was barred as to the sureties, and in the opinion said: "The essence of this action is for the breach of those statutory duties imposed upon the treasurer. His duties under the statute are not contractual. . . . The undertaking of the sureties was collateral security for the performance of the duties of their principal. The bond itself is security that an officer will discharge his duties. His failure to discharge them is a breach of a statutory duty. The bond does not impose any obligation upon him different from that created by the statute."

Respondent's counsel have cited several cases of this court which it is claimed support the contention that the period of four years applies to an official bond. We have carefully examined them, and find no case laying down such rule. In some of the cases, expressions are used which in some degree tend to support the contention, but upon examination it will be found that the point was not involved, and the language *obiter dictum*. Thus in *People* v. *Burkhart*, 76 Cal. 606, the action was against a tax-collector and his sureties on his official bond for the failure to pay over money collected by him as taxes. The action was brought within three years after the alleged misfeasance. It was contended that the action was barred by subdivision 2 of section 339 of the Code of Civil Procedure,

---

[1] 67 Am. St. Rep. 733.

which provides that an action must be brought within two years against a sheriff upon a liability incurred by the doing of an act in his official capacity. It was properly held that the section did not apply to the tax-collector, because the office was a distinct and separate office, and that the tax-collector had given a bond as such. This was all that was necessary to be decided in the case, but in the opinion the language is used: "It is clear that the obligation which the defendant incurred was by virtue of his failure to perform his duty as tax-collector, and that being so, section 337 of the Code of Civil Procedure would have applied, had four years elapsed from the time of his dereliction of duty until suit brought." If four years had elapsed, section 337 might have applied; but it does not follow, and it was not held, that the three years' period prescribed in section 338 did not apply.

The opinion of Mr. Justice Thornton in *People* v. *Van Ness*, 79 Cal. 89,[2] at first view seems to be in conflict with the conclusion here reached. But upon examination of the record in that case it appears that counsel urged that the action was barred by the provisions of section 337 of the Code of Civil Procedure. It was insisted that the conversion and breach were more than four years before the commencement of the action. The court held that the breach was within four years. The case was argued and decided upon the theory that the action was upon the bond, and that if brought within four years after the breach, it was in time. Subdivision 1 of section 338 of the Code of Civil Procedure was not relied upon, nor called to the attention of the court.

In *Ventura County* v. *Clay*, 114 Cal. 245, all that is said as to the statute of limitations is: "There is no merit in the point that the cause, or any cause, of action appears to be barred by any statute of limitations. The complaint shows that all the warrants were paid by the treasurer during his said term of office, and within three years next preceding the commencement of the action, and, as above shown, the action is upon a written contract, and not upon a penal statute."

The court only meant that for the purposes of the case the undertaking was a written contract as to its covenants. It did not hold that the cause of action was the bond, and not the misfeasance of the treasurer.

---

[2] 12 Am. St. Rep. 134.

It follows that the judgment and order should be reversed and the cause remanded, with directions to the court below to sustain the demurrer to the amended complaint.

Haynes, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are reversed and the cause remanded, with directions to the court below to sustain the demurrer to the amended complaint.        Harrison, J., Garoutte, J., Van Dyke, J.

[S. F. No. 1688.   Department One. — September 17, 1900.]

COOPER, C. — Plaintiff recovered judgment, and this appeal is from the judgment and an order denying the defendants' motion for a new trial.

The complaint alleges that the defendant Hall was, at the November election, 1892, elected county recorder of the county of Sonoma, and that he afterwards executed his official bond, with the other defendants as sureties; that during his official term, up to and including January, 1895, defendant Hall, in his official capacity, "ought to have charged and collected, and did charge and collect," as legal fees, the sum of $4,613.38 in excess of the amount paid to the county by him, and that he has never since paid the same, and that it is now due and owing to the county.   The defendants in their answer pleaded the statute of limitations, alleging that the cause of action was barred by the provisions of subdivision 1 of section 338, and subdivision 1 of section 339, and subdivision 1 of section 340 of the Code of Civil Procedure.   The plaintiff demurred to the portions of the answers in which the statute of limitations was pleaded, and the court sustained the demurrers as to all parts of the answers devoted to the plea of the statute.

The court evidently proceeded upon the theory that the action was upon the official bond of defendant Hall, and that the action could not become barred until four years after the breach of the bond.   In this the court was in error.   (*County of Sonoma v. Hall*, S. F. No. 1529; *ante*, p. 592.)

Again, the defendants had the right to plead the statutes, or any statute, of limitations as a matter of right, and it was the duty of the court to pass upon the issues thus raised in the consideration of the case.   (*Bates* v. *Gregory*, 89 Cal. 398.)   The ruling of the court was a denial to defendants of the right to be heard as to the truth of their several pleas of the statute.

The judgment and order should be reversed.

Haynes, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are reversed.

Harrison, J., Garoutte, J., Van Dyke, J.

Beatty, C. J., did not participate in the foregoing.

Rehearing denied.