# RENNER v. STATE OF INDIANA.

[No. 22,601.   Filed November 12, 1914.].

1. STATUTES.—*Repeal.*—*Proctor Law.*—Section 8351 Burns 1914, Acts 1907 p. 689, providing a penalty for the sale of intoxicating liquors by any person not licensed under the laws of the State, was not expressly repealed by the Proctor Law (Acts 1911 p. 244, §8323d *et seq.* Burns 1914), and since the latter act has to do with controlling, regulating and restraining the duly licensed liquor traffic, and does not cover the subject-matter of

§8351 or prescribe a different penalty, it does not repeal it by implication. pp. 395, 396.

2. STATUTES.—*Repeal by Implication.*—Repeals by implication are not favored, and two or more acts upon the same subject will, if possible, be so construed that both may stand.' p. 396.

3. STATUTES.—*Repeal by Implication.*—*Criminal Statutes.*—A criminal statute is held to be repealed by implication only when the new statute covers the whole subject-matter of the old, adds new offenses and prescribes different penalties. p. 396.

4. INTOXICATING LIQUORS.—*Prosecution for Unlawful Sales.*—*Indictment.*—*Sufficiency.*—An indictment under §8351 Burns 1914, Acts 1907 p. 689, for the sale of intoxicating liquor without a license, is sufficient if it follows the statute in the statement of the offense. p. 397.

From Jay Circuit Court; *James J. Moran,* Judge.

Prosecution by the State of Indiana against Samuel Renner. From a judgment of conviction, the defendant appeals. *Affirmed.*

*J. F. Denney, S. A. D. Whipple* and *Schaffer Peterson,* for appellant.

*Thomas M. Honan,* Attorney-General, and *Thomas H. Branaman,* for the State.

SPENCER, J.—Appellant, a drug-store keeper, was convicted of selling one pint of whiskey to one George Fifer, for the sum of fifty cents, without a license, in violation of §8351 Burns 1914, Acts 1907 p. 689, which provides: "That any person not being licensed under the laws of the State of Indiana who shall sell or barter, directly or indirectly, any spirituous, vinous or malt liquors except as herein provided, or who shall sell or barter, directly or indirectly any spirituous, vinous or malt liquors to be drunk, or suffered to be drunk in his house, outhouse, yard, garden or appurtenances thereto belonging, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined," etc.

The principal question presented by appellant's assignment of errors is, Did the Proctor Law (Acts 1911

1. p. 244, §8323d *et seq.* Burns 1914) repeal §8351 Burns 1914, *supra,* under which this conviction was had? A

careful perusal of the Proctor Law discloses nowhere an express intention on the part of the legislature to repeal said act, and the same is still the law unless it is repealed by implication. With regard to repeals of this character 2. the rule is thus clearly expressed in *Board, etc. v. Garty* (1903), 161 Ind. 464, 469: "It is a familiar rule, and one universally affirmed by the authorities, that a repeal by implication is not favored. In accordance with this rule, two or more acts on the same subject must, if possible, be so construed that both may be permitted to stand. It has been repeatedly affirmed by the decisions of this court that implied repeals are only recognized and upheld when the later act is so repugnant to the earlier as to render the repugnancy or conflict between them irreconcilable." A criminal statute is held to 3. be repealed by implication only when the new statute covers the whole subject-matter of the old, adds new offenses and prescribes different penalties. *State v. Ensley* (1912), 177 Ind. 483, 503, Ann. Cas. 1914 D 1306; *State v. Wells* (1887), 112 Ind. 237, 242; *United States v. Tynen* (1870), 11 Wall. 88, 20 L. Ed. 153; *Dowdell v. State* (1887), 58 Ind. 333.

It can not be seriously contended that the Proctor Law covers the subject-matter of §8351, *supra,* or that it prescribes a different penalty. Appellant, however, in- 1. sists that the penalty is prescribed in the general statute (§2666 Burns 1914, Acts 1905 p. 584, §661). But in *Keiser v. State* (1881), 78 Ind. 430, 437, this statement is made: "general provisions * * * will not be construed as superseding a prior special provision in reference to a particular subject." Appellant relies on *Simpson v. State, ex rel.* (1913), 179 Ind. 196, and *Daniels v. State* (1898), 150 Ind. 348. In the former case, the question raised was with regard to §23 of the Proctor Law, relating to license fees. The question here presented is purely one of legislative intent. Regarding

this intent this court said in the Simpson case, at page 202: "Throughout the Proctor Law an intention on the part of the legislature to provide a more general and rigid control, regulation and restraint of the liquor traffic than had prevailed is manifest." The Proctor Law does evince this intention with respect to controlling, regulating and restraining *lawful* liquor traffic, *duly licensed*. Section 8351, *supra,* makes *unlicensed* traffic unlawful and provides a penalty for its violation. The Simpson case can not be said to support appellant's contention in any respect. In the Daniels case the validity of the so-called "Quart Shop" law is called in question. This law failed to provide a penalty for its violation and it was accordingly held that the penalty which was lacking was supplied by the general provisions of §2666, *supra.* Section 8351 Burns 1914, *supra,* however, is a special statute, complete within itself, and does not fall within the rule of *Daniels* v. *State, supra.* It that case it is said "that the rule * * * that general statutes give way to special statutes upon the same subject, applies also only when the special statute is complete within itself." From the foregoing we conclude that the Proctor Law does not conflict with §8351, *supra,* and does not repeal the same. The indictment in this case follows the

4. statute sufficiently to set out a chargeable offense, which is all that is required. The judgment should be and is hereby affirmed.

NOTE.—Reported in 106 N. E. 703. As to the repeal of statutes by implication, see 14 Am. Dec. 209; 88 Am. St. 271. See, also, under (1) 36 Cyc. 1095, 1071; (2) 36 Cyc. 1071; (3) 36 Cyc. 1095, 1096; (4) 26 Cyc. 217.