HOUSER ET AL. v. STATE OF INDIANA, EX REL. BENT,
COMMISSIONER, ET AL.

[No. 22,823.   Filed December 14, 1915.]

DRAINS.—*Drainage Commissioners.*—*Commissioners of Construction.*
—*Statutes.*—*Bonds.*—*Liability.*—Under the drainage act of 1907
(Acts 1907 p. 508, §6140 *et seq.* Burns 1914), the offices of drain-
age commissioner and commissioner of construction are separate
and distinct, though a drainage commissioner may at the same time
be a construction commissioner, and under §4 of said act (§6143
Burns 1914) a separate and adequate bond is required of every
commissioner of construction regardless of whether he is also a
drainage commissioner, so that there can be no liability on the
bond of a drainage commissioner for any defalcation by him in
the capacity of commissioner of construction.

From Miami Circuit Court; *Joseph N. Tillett,*
Judge.

Action by the State of Indiana, on the relation of
Walter S. Bent, commissioner, and others, against
Burvis A. Houser and others. From a judgment for
relators, the defendants appeal. (Transferred from
the Appellate Court under §1405 Burns 1914,
Acts 1901 p. 590.) *Reversed.*

*Albert Ward, A. N. McCracken, D. F. Brooks* and
*W. G. Todd,* for appellants.
*Walter S. Bent* and *Alvah Taylor,* for appellees.

SPENCER, J.—The sole question properly pre-
sented by this appeal may be thus stated: Are the
sureties on a bond executed by a county surveyor
as drainage commissioner *ex officio,* pursuant to the
provisions of §6140 Burns 1914, Acts 1907 p. 508,
liable for the defalcation of their principal while he
is acting as commissioner of construction under the
provisions of §6143 Burns 1914, Acts 1907 p. 508?
Section 6140, *supra,* being §1 of the drainage law of
1907, provides that "It shall be the duty of the
board of commissioners of each county in this State,

at their first regular session in January, after the taking effect of this act, to appoint a drainage commissioner, who shall be a person of intelligence and good judgment, and a reputable citizen of the county, who shall hold his office for two years and until his successor shall be appointed and qualified, unless sooner removed by the board of commissioners. * * * Every such drainage commissioner shall, before entering upon the discharge of his duties, take and subscribe an oath of office, and shall give bond payable to the state of Indiana, with sureties and in a penalty of not less than five thousand dollars, to be filed with and approved by the auditor of such county, conditioned for the proper and faithful discharge of his duties, and that he will account according to law for all money that shall come to his hands as such commissioner." It further provides that the "county surveyor shall be *ex officio* a drainage commissioner, and shall give a bond as above required of the drainage commissioner in addition to his ordinary official bond." Section 3 of the same act (Acts 1907 p. 508, §6142 Burns 1914) provides for the appointment by the court of a third drainage commissioner who shall act with the commissioners above provided for, whenever a drainage petition is referred to them for investigation and report. Section 4 of the act, which is §6143, *supra*, provides that whenever the court enters an order establishing the improvement prayed for, it shall assign the proposed work "to one of the three commissioners above provided for, for construction, or the court may assign it for construction to any disinterested freeholder of the county, who shall, before entering upon his duties, take and subscribe an oath of office, and give bond, payable to the State of Indiana, in such sum as the court may require, conditioned that he will honestly and faithfully per-

form his duties and account for all moneys that may come into his hands."

The decision of the question above stated depends on whether the office of "drainage commissioner" and the office of "commissioner of construction" are separate and distinct, or whether the duties of the latter office are embraced within the duties of a drainage commissioner whenever the work of construction is assigned to him. It must be conceded that the provision for a construction bond which is contained in §6143, *supra,* when considered apart from the other provisions of the law, is somewhat ambiguous and indefinite. If it is to be construed as requiring of the "commissioner of construction" a separate bond only when the court assigns the work to a "disinterested freeholder" who is not a member of the board of drainage commissioners, then there is made possible a situation in which the parties interested in a proposed improvement would be wholly without protection, for the reason that under the law in question a court has the right to appoint as commissioner of construction the drainage commissioner provided for in the §3, *supra,* of that law. Such appointee is not required to give bond as a drainage commissioner and, under the above interpretation of §6143, *supra,* no security could lawfully be required of him as commissioner of construction. A similar situation might arise if either of the other drainage commissioners should be appointed to superintend the work of construction, for the magnitude of that work might be such as to require his services in that capacity after the expiration of his term of office as drainage commissioner, and might also require the receipt and expenditure of sums of money considerably in excess of the amount of his official bond as such drainage commissioner.

If, however, a separate and adequate bond be re-

quired of every superintendent of construction, whether he is also drainage commissioner, the interests of all parties involved are fully protected and no such contingency as is above suggested could arise. The evident spirit and purpose of the entire law under consideration demand such a construction of §6143, *supra*, as will require of every superintendent of construction appointed thereunder a bond conditioned on the faithful performance of his duties in that capacity, and we so construe the statute.

The second paragraph of amended complaint, on which the case at bar was tried, affirmatively shows that the bond in question was executed by one Ora Whiteneck as drainage commissioner *ex officio* and that his defalcation for which recovery is sought occurred in the performance of his duties as a commissioner of construction. These two offices are separate and distinct, and the bond given for the faithful performance of the duties of one does not cover malfeasance in the other. *Cooper* v. *People* (1877), 85 Ill. 417; *People* v. *Gardner* (1880), 55 Cal. 304; *State* v. *Thomas* (1890), 88 Tenn. 491, 12 S. W. 1034. Appellants' demurrer to appellees' second paragraph of amended complaint should have been sustained.

Judgment reversed, with instructions to sustain appellants' demurrer to the second paragraph of amended complaint and for further proceedings not inconsistent herewith.

Note.—Reported in 110 N. E. 665. As to liability of sureties on official bonds, see 91 Am. St. 510. As to the liability of a surety on the bond of a public officer for acts wholly outside his official duty, see Ann. Cas. 1912 C 581. See, also, 14 Cyc 1028.