BOARD OF COMMISSIONERS OF THE COUNTY OF HAMILTON ET AL. *v.* STATE OF INDIANA, EX REL BAKER.

[No. 22,854. Filed February 18, 1916.]

1. DRAINS.—*Construction.*—*Duties of County Surveyor.*—*Expiration of Term.*—Where the term of a county surveyor expires before the completion of a drain over the construction of which he is acting as superintendent, he retains charge of the work until its completion and his successor in office cannot compel him to deliver over the books and papers in his possession relating to such work, on the theory that the act of 1913 (Acts 1913 p. 69, §9510 *et seq.* Burns 1914) makes such duties of a surveyor end with his term of office, since such act neither expressly provides that a surveyor shall turn over the books and papers relating to uncompleted work, nor for the performance of any duty relating to uncompleted work by the new official, but simply relieves the surveyor of the necessity of giving additional bond when appointed superintendent of construction work. pp. 419, 420.

2. STATUTES.—*Implied Repeal.*—Repeals and amendments by implication are not favored. p. 420.

3. STATUTES.—*Construction.*—*Legislative Intent.*—The legislative intent, express or implied, in the enactment of a statute must be given effect when ascertained, and in seeking such intent courts may invoke the aid of other acts of the legislature at the same session, even if such acts are unconstitutional or were vetoed. p. 420.

From Hamilton Circuit Court; *Willett H. Parr*, Special Judge.

Action by the State of Indiana, on the relation of Edgar A. Baker, against the Board of Commissioners of the County of Hamilton and another.

From a judgment for relator, the defendants appeal. *Reversed*

*Phil. J. Fariss* and *Joseph A. Roberts*, for appellants.

*Gentry & Cloe* and *Kane & Kane*, for appellee.

MORRIS, C. J.—Mandamus action by appellee against appellant. The complaint avers that relator Baker was elected county surveyor of Hamilton County in 1914, and entered on the discharge of the duties of the office on January 1, 1915; that he succeeded appellant Wann, whose term as surveyor expired December 31, 1914; that at said time there were a number of uncompleted ditches and highway improvements under construction in the county, in which Wann had been appointed superintendent by the county board; that relator, on January 1, 1915, demanded of Wann the books and papers in his possession relating to said uncompleted improvements; that the demand was refused, and Wann claims to be the legal superintendent of said incomplete improvements; that relator also demanded of the board that it order Wann to turn over the books and papers to relator, but this demand was refused and the board is recognizing Wann as the lawful superintendent of construction in the named cases. Appellant's demurrer to the complaint was overruled and this ruling constitutes the sole alleged error here assigned.

Chapter 40 of the acts of 1913 (Acts 1913 p. 69, §9510a *et seq.* Burns 1914) requires the giving of bonds by county surveyors, and §3 of the act (§9510c Burns 1914) provides that no additional bond shall be exacted of the surveyor when he is appointed a superintendent of any public work. It is conceded by relator that prior to the taking effect of the act of 1913 when a county sur-

veyor was appointed superintendent of construction of a drain, under §6143 Burns 1914, Acts 1907 p. 508, §4, he retained charge of the work until its completion, although his term of office expired in the meantime. See, also, §§7715, 7716, 7730 Burns 1914, Acts 1905 p. 521, §§66, 67, 79; *Houser* v. *State, ex rel.* (1915), *ante* 88, 110 N. E. 665. But relator contends that since said enactment the duties of a surveyor, so appointed to superintend, end with his term of office, and that his successor must take charge of such uncompleted work. We can not assent to such proposition. 2. Repeals and amendments by implication are not favored. *Cleveland, etc., R. Co.* v. *Blind* (1914), 182 Ind. 398, 105 N. E. 483, 491. 1. Chapter 40, *supra*, makes no express provision for the surveyor, at the close of his term, to turn over to his successor the books and papers in his possession relating to uncompleted work in his charge, or to make any report of his former action, nor is there any express provision for the performance of any duty, relating to uncompleted work, by the new official. The act simply relieves the surveyor of the necessity of giving an additional bond when he may be appointed superintendent of construction work. Moreover, there is an additional reason here for denying relator's contention. Of course, the legislative intent, 3. express or implied, must be given effect when ascertained. In seeking such intent, however, courts may invoke the aid of other acts of the 1. legislature at the same session, even if such acts are unconstitutional or were vetoed. House Bill No. 524 was passed by both houses of the General Assembly of 1913. It provides expressly that on the expiration of a term of office of a county surveyor he should make a report of his work

as superintendent of uncompleted improvements referred to him, whereupon such work should be referred to his successor in office. This bill was passed subsequent to the enactment of chapter 40, *supra*, and must be held a legislative interpretation of that act. This bill was vetoed by Governor Ralston on March 13, 1913. He filed it in the office of the secretary of state with his objections thereto. *Woessner* v. *Bullock* (1911), 176 Ind. 166, 93 N. E. 1057. One of his objections to the bill was that it was unwise in turning over to inexperienced and uninformed officers the completion of important public work. The bill and objections were referred to the General Assembly of 1915, which failed to pass it. §14, Art. 5, Constitution of Indiana.

We are of the opinion that relator was not entitled to any relief sought. Judgment reversed with instructions to sustain the demurrer.

NOTE.—Reported in 111 N. E. 417. For a discussion of the implied repeal of a statute by code revision or reënactment, see 5 Ann. Cas. 202. See, also, under (2) 36 Cyc 1071; (3) 36 Cyc 1106, 1151.