### GIBSON v. STATE OF INDIANA.

[No. 15,098. Filed February 14, 1934. Rehearing denied April 27, 1934. Transfer denied June 20, 1934.]

*Benjamin F. Zieg,* for appellant.

*Philip Lutz, Jr.,* Attorney-General, and *Joseph P. McNamara,* Deputy Attorney-General, for the State.

BRIDWELL, P. J.—The appellant was tried and convicted in the court below, upon a charge of contributing to the delinquency of a boy under the age of 16 years. Upon the finding of guilty he was fined $50 and costs and sentenced to the Indiana State Farm for a period of 90 days. From the judgment rendered he appeals, the sole error assigned and presented being that the Vanderburgh Probate Court was without jurisdiction of the subject matter of this action.

The General Assembly of this state, at its regular session in 1919, created the Vanderburgh Probate Court and defined its jurisdiction. (Chapter 99, Acts 1919, p. 494.) Section 11 of said act provides as follows: "Said probate court and the judge thereof shall have and possess within and for said county all the powers and duties now conferred on the juvenile court and the judge thereof and said probate court shall have exclusive jurisdiction in all matters relating to children, including juvenile delinquents, truants, neglected and dependent children, children petitioned for by the board of children's guardians, and in all cases wherein the custody and legal punishment of children is in question, and in all cases wherein persons are charged with contributing to or encouraging juvenile delinquency, and all such matters now pending in the juvenile court or circuit court shall be transferred to said probate court when established, and said probate court and the judge thereof shall be governed by all the laws now pertaining to the juvenile courts of this state."

It is admitted that the foregoing cited "Act" gave to the court below jurisdiction of the class of cases to which this cause belongs, but appellant contends that the General Assembly of 1931, by a statute then enacted (Chapter 43, Acts 1931, p. 102), deprived said court of

such jurisdiction and vested the same in the circuit court of the county, and that since this proceeding was not begun until the 17th day of July, 1933, the judgment of the lower court is void because of lack of jurisdiction of the subject matter and that this court should reverse the judgment with instructions to the trial court to vacate said judgment and dismiss the action.

The Act of 1931, *supra,* is an amendatory act, contains no repealing clause, and does not purport to amend the Act of 1919, *supra.* It is as follows: "That in every county of this state containing a city with a population of three hundred thousand inhabitants, according to the last preceding United States Census, there shall be created a special court, to be known as the juvenile court, which shall have jurisdiction in all cases relating to children, including juvenile delinquents, truants, children petitioned for by boards of children's guardians, and all other cases where the custody of (or) legal punishment of children is in question, but said court shall not have probate jurisdiction. The judge of said court shall be known as the judge of the juvenile court and shall be elected by the qualified voters of said county at the time of the general election of state officers, shall hold his office for a term of four years, or until his successor is elected, shall be removed from office in the same manner as the judge of the circuit court is removed, and to be eligible for the office shall be a citizen of and a legal voter of the state and a parent, and not less than forty years of age. The clerk of the circuit court shall be the clerk of the juvenile court and shall keep a record of the proceedings in a book to be known as the juvenile record. Corresponding appropriations for the support of the juvenile court as are made for the circuit court shall be made by the county council. In all other counties the circuit court and the judge thereof shall have and possess all

the powers and duties conferred on the juvenile court and the judge thereof, by this act, and shall have exclusive jurisdiction in all matters relating to children, including juvenile delinquents, truants, neglected and dependent children, children petitioned for by the boards of children's guardians, and in all cases wherein the custody and legal punishment of children is in question, etc."

The general rule is that repeals by implication are not favored. Implied repeals are only recognized and upheld when the later act is so repugnant to the earlier as to render the conflict between them irreconcilable. *Renner* v. *State* (1914), 182 Ind. 394, 106 N. E. 703; *Cleveland, etc., R. Co.* v. *Blind* (1914), 182 Ind. 398, 423, 424, 105 N. E. 483, 491; *Board, etc.,* v. *State ex rel.* (1916), 184 Ind. 418, 111 N. E. 417.

The Act of 1919, *supra,* which created the Vanderburgh Probate Court, is a law local and special in its application, and would therefore not be held to have been repealed by implication by a later general act unless the legislative intent to so repeal is clearly apparent. The Act of 1931, *supra,* amends an act which was in full force and effect when said Act of 1919 was passed. By the Act of 1919, the legislators, in determining over what class of cases it would give jurisdiction to the court created, expressed the particular intention of conferring jurisdiction in all cases of the character here involved. In the case of *Cleveland, etc., R. Co.* v. *Blind, supra,* our Supreme Court announced the following rule of construction: "Where a particular intention is expressed in an act, which conflicts with a general intention expressed in a later one, the particular intention shall be given effect, leaving the later act to operate only outside the scope of the former." In deciding the case of *Greenbush Cemetery*

*Ass'n.* v. *Van Natta* (1911), 49 Ind. App. 192, 94 N. E. 899, this court said: "It is a well recognized principle, that a general statute, on the same subject as a special act, without apt language showing such intention, will not be held to repeal or modify a former special or local act which is limited in its application. The special or local enactment remains in force after the passage of the general law on the same subject, unless they are irreconcilably inconsistent, although the general act would, taken strictly and but for the special law, include and control the subject of the special act." See, also: Lewis' Sutherland Stat. Const. (2nd ed.) section 274; *Monical* v. *Heise* (1911), 49 Ind. App. 302, 94 N. E. 232.

The main purpose of the Act of 1931, *supra,* was the amendment of certain prior legislation pertaining to the establishment and operation of a Juvenile Court in every county of the state containing a city with a population of three hundred thousand inhabitants, and that part of the act which provides generally for juvenile jurisdiction in all other counties to be vested in the circuit courts thereof seems incidental to the principal purpose of the act. Prior to its passage jurisdiction of juvenile matters rested with the Circuit Courts of the state, except in such instances where laws, local and special in their application, provided otherwise. We are of the opinion that by the latter part of the act, it was intended only to restate and re-enact the law as it existed prior to this amendatory statute, insofar as jurisdiction of circuit courts is concerned, and that section eleven of the Act of 1919, *supra,* was not repealed by implication. Judgment affirmed.