CITY OF BUTTE, APPELLANT, *v.* GOODWIN ET AL., RESPONDENTS.

(No. 3,230.)

(Submitted February 15, 1913.    Decided March 26, 1913.)

[134 Pac. 670.]

*Cities and Towns—Public Funds—Duty of Treasurer—Interest on Deposits—Failure to Pay Over—Official Bond—Nature of Undertaking — Nonsuit — Statute of Limitations — Duty of Court.*

City Treasurer—Public Funds—Interest on Deposits—Who Entitled Thereto.
1. A city treasurer is, as to the public funds in his hands, a trustee for the benefit of the city, and must account for and pay over any profits derived from their use.

Appeal and Error—Nonsuit—Erroneous Reason for Correct Ruling—Affirmance.
2. An order granting a nonsuit will be affirmed if correct in result, even though the particular reason given for the ruling was erroneous.

City Treasurer—Failure to Pay Over Interest—Statute of Limitations.
    3. Subdivision 1 of section 6449, barring an action upon a liability created by statute if not brought within two years, *held,* not to apply to an action against a city treasurer to recover interest received by him on deposits of city funds which he failed to turn over to his principal.

Same—Statute of Limitations.
    4. A city treasurer who failed to turn over interest received on public funds was guilty of a breach of his implied promise, as trustee of such funds, to do so, and not of a breach of a contract in writing—his official bond; hence an action to recover such interest, brought more than four years after the conclusion of the treasurer's term of office, was barred under subdivision 3 of section 6447, Revised Codes.

Same—Official Bond—Nature of Undertaking.
    5. The official bond of a city treasurer is not a contract in the strict sense of that term, but rather a collateral security for the faithful performance of official duty.

Statute of Limitations—Nonsuit—Duty of Court.
    6. Where upon the trial of a cause it was made apparent that the action was barred under the statute of limitations, it was the duty of the court to grant a, motion for nonsuit.

*Appeal from District Court, Silver Bow County; Jeremiah J. Lynch, Judge.*

ACTION by the City of Butte against Phil. C. Goodwin and the sureties on his bond as city treasurer, to recover interest alleged to have been received by him on public funds and which he failed to turn over to the city. From a judgment of nonsuit, plaintiff appeals. Affirmed. Mr. Justice Sanner dissenting in part.

*Messrs. H. Lowndes Maury, John A. Smith,* and *N. A. Rotering,* for Appellant, submitted a brief and one in reply to that of Respondents; *Mr. Maury* argued the cause orally.

This action of ours is based directly upon the common law as to the right of the thing—the equitable principle that has been grafted in and become a part of that common law: that all profit of every nature made by a trustee on trust funds is the property of the *cestui que trust,* and the law implies a promise that he will pay this profit to his *cestui que trust.* This is the most usual form of implied promise. The decisions in support of our contention that this interest belongs to the city of Butte, so far as we have been able to find, are as follows: *State* v. *McFetridge,* 84 Wis. 473, 20 L. R. A. 223, 54 N. W. 1, 998; *United States* v. *Mosby,* 133 U. S. 273, 33 L. Ed. 625, 10 Sup. Ct. Rep. 327; *Vansant* v. *State,* 96 Md. 110, 53 Atl. 711; *Wilkes Barre* v.

*Rockafellow,* 171 Pa. 177, 50 Am. St. Rep. 795, 30 L. R. A. 393, 33 Atl. 269; *Chicago* v. *Gage,* 95 Ill. 593, 35 Am. Rep. 182; *Hunt* v. *State,* 124 Ind. 306, 24 N. E. 887; *Eshelby* v. *Cincinnati Board of Education,* 66 Ohio, 71, 63 N. E. 586.   The most recent case of which we have knowledge is *Rhea* v. *Brewster,* 130 Iowa, 729, 8 Ann. Cas. 389, 107 N. W. 940.   Particularly as to the liability of the bondsmen, we cite the court to *State* v. *McFetridge, supra,* and *Hunt* v. *State, supra.*

As to the question of the statute of limitations: The court held that the statute applicable was the one barring, "Within two years: An action upon a liability created by statute other than a penalty or forfeiture." (Rev. Codes, sec. 6449, subd. 1.) There is not any statute in Montana creating this particular liability.   Either the treasurer is liable at common law and on the equitable principle of an implied promise which has been so long grafted into the common law as to become a part thereof, or he is not liable at all.   The criminal statutes making his act felonious in nowise prescribes that he shall repay all interest received by him to the beneficiary, and furthermore, the legislature no more regulates the bonds of city treasurers than it regulates the bonds of administrators or guardians, or the bonds of contractors with the city.   It leaves such matters entirely to city councils, and they prescribe the bonds of city treasurers and other city officials.   The condition of the bond in question is not within the provisions of section 384, Revised Codes, which was section 1057 of the Political Code mentioned in *Philipsburg* v. *Degenhart,* 30 Mont. 302.   It may be true that much of this bond was copied from the duties of city treasurers found in section 3257, Revised Codes, discussed as section 4788, Political Code, in the *Degenhart Case;* but there are many conditions left out of that statute and in this bond.   In truth, this bond is simply a written undertaking on the part of Goodwin and the sureties to do the things set forth therein.   It is a written contract between them and the city of Butte.

It was claimed in the argument in the court below that sections 393 and 394, Revised Codes, made this a statutory bond. A mere reading of either of those sections convinces at a glance

that the sole object of those statutes and the only construction to which their language is open is to render easy the collection of moneys by municipalities and the state where there have been some defects in form of statutory bonds. It never was contemplated that the remedy of suggesting the defect in the complaint by the municipality was the exclusive remedy.

There is nothing in the statutes of Montana barring a municipality from bringing suit on the plain terms of a common-law written undertaking, or an undertaking prescribed by its ordinances. "If a person occupying official position voluntarily gives a bond providing against loss by reason of his acts as to matters concerning which there is no statutory provision, such bond, although not a statutory bond, if it is founded on a sufficient consideration, and is not prohibited by statute, nor contrary to a public policy, is valid and binding on the principal and his surety as a voluntary common-law obligation." (Brandt on Suretyship and Guaranty, 3d ed., par. 618, and cases there cited.)

This suit was commenced within eight years; it was commenced within five years. This is an action on a written obligation, but were there no written obligation at all, and Goodwin had served without bond, the only other statute which could possibly apply would be the first subdivision of section 513, as amended by the Act of 1903, page 292, to-wit: "Within five years: An action upon a contract, account, or promise, not founded on an instrument in writing." Not only in this instance do we have the promise (which the law implies in Goodwin to pay this interest to the beneficiary), but we have his promise which he gave in the nature of his oath on entrance into office, and without which promise he could not have entered upon the duties of his office. Even if there were a statute rendering Goodwin in so many words liable civilly for this interest,—and none such exists, it has never been enacted,—yet that would not bring the case within the statute held by the lower court to be a bar, for if the court finds that the liability exists at common law as the decisions hold, then the liability existed before the statute, and the liability would not be created

by such statute,—it would merely be continued by such statute. (Sec. 6215, Revised Codes 1907.)   The two year provision applies only to liabilities created by statute.   Any other construction would lead to the greatest absurdities.   It would bring all other rights protected by statute in Montana within subdivision 1, section 524, though there might be other limitations provided for such other actions.

*Messrs. Kremer, Sanders & Kremer,* for Respondents, submitted a brief; *Mr. Louis P. Sanders* argued the cause orally.

○ The duration of the liability of the sureties on the official bond was coextensive with Goodwin's tenure of office and ceased when his term expired.   (*Aultman T. M. Co.* v. *Burchett,* 15 Okl. 490, 83 Pac. 719.)   "An official bond, though it is in one sense a contract in writing, is at the same time merely a security for the faithful performance by the officer of his official duties.   Where the primary obligation of the officer is barred or in any legal way extinguished, the sureties are relieved in like manner as a guarantor upon a written guaranty to answer for the debt of another would be relieved, where the primary obligation of the principal debtor is barred or extinguished, notwithstanding the written contract."   (*County of Sonoma* v. *Hall,* 132 Cal. 589, 62 Pac. 257, 312, 65 Pac. 12, 459; *State* v. *Blake,* 2 Ohio, 147; *State* v. *Conway,* 18 Ohio, 234; Stearns' Law of Suretyship, sec. 95; Brandt on Suretyship and Guaranty, sec. 148; *Spokane County* v. *Prescott,* 19 Wash. 418, 67 Am. St. Rep. 733, 53 Pac. 661; *Board etc.* v. *Hostetter,* 6 Kan. App. 286, 51 Pac. 62; *Board* v. *Van Slyck,* 52 Kan. 622, 35 Pac. 299; *Ryus* v. *Gruble,* 31 Kan. 767, 3 Pac. 518.)   The action being barred as to Goodwin was also barred as to Hinds and all other sureties.

In support of the motion of the respondents for a nonsuit and to dismiss said action, the authorities are unanimous that upon the evidence the case was barred under the defense pleaded in the answers.   The cause is one based upon a liability created by statute other than a penalty or forfeiture, and hence incapable of enforcement by suit unless brought within two years. The evidence affirmatively shows that the bond was executed to

cover the term for which Goodwin was elected beginning on the first Monday in May, 1905, and ending on the first Monday in May, 1907. The cause of action arose in May, 1907, at the very latest. (*Skagit County* v. *A. B. Co.*, 59 Wash. 1, 109 Pac. 197.) The complaint was filed May 27, 1911. In support of the defense that the action was barred under subdivision 1, section 6449, Revised Codes, the following authorities are submitted: *Sonoma County* v. *Hall, supra; State* v. *Davis*, 42 Or. 34, 71 Pac. 68, 72 Pac. 317; *Ada County* v. *Ellis*, 5 Idaho, 333, 48 Pac. 1072; *Canyon County* v. *Ada County*, 5 Idaho, 686, 51 Pac. 748; *People ex rel. Dunn* v. *Van Ness*, 76 Cal. 121, 18 Pac. 139; *Spokane County* v. *Prescott*, 19 Wash. 418, 67 Am. St. Rep. 733, 53 Pac. 661; *Davis* v. *Clark*, 58 Kan. 454, 49 Pac. 665; *Board of Commissioners* v. *Van Slyck*, 52 Kan. 622, 35 Pac. 299; *Paige* v. *Carroll*, 61 Cal. 211.

It is urged by counsel for appellant that the lower court committed error in holding that this is an action upon a liability created by statute, other than a penalty or forfeiture, barred unless brought within two years. The argument of counsel is that the bond sued on is not a statutory bond. That it is an official bond is conceded, and that it is therefore a statutory bond is made clear from a consideration of the statutes of Montana and the decisions bearing upon the question. (Rev. Codes, secs. 3238, 384, 393.) It substantially covers the requirements set forth in section 384. It expressly provides that "if the said Phil. C. Goodwin shall well and truly and faithfully perform all the duties pertaining to the said office and required of him by the laws and ordinances of the said city, *etc.*" It proceeds to add certain matter found in a city ordinance. It, however, does provide for the faithful performance of official duty, and this is equivalent to a recital of all the statutory conditions that are provided for, and is as binding on the parties as a statutory obligation as if all such conditions were inserted. In *State* v. *Nevin*, 19 Nev. 162, 3 Am. St. Rep. 873, 7 Pac. 650, it is held that where a bond requires faithful performance of official duty, it is as binding as if all the statutory duties of the officer were inserted therein. And so is the bond in ques-

tion. Our contention is made clear by the application of the provisions of section 393. Under it every liability provided by statute would be enforced by the court and the bond held to be a statutory bond. If these consequences do not necessarily follow from the provisions of section 393, then this section is meaningless and emasculated. We assert it is the official statutory bond of Goodwin that is the subject of action and that the appellant is estopped to deny that it is just such a bond. All of the sections of the Montana Code are found in the laws of California. The construction placed upon section 393 by the supreme court of California has been adopted by this court in the case of *Deer Lodge County* v. *United States F. G. Co.,* 42 Mont. 315, 327, Ann. Cas. 1912A, 1010, 112 Pac. 1060. This section was considered in the case of *Hubert* v. *Mendheim,* 64 Cal. 213, 30 Pac. 633, where an official bond alleged not to contain "the substantial matters or conditions required by law," was the subject of inquiry, and a conclusion reached favorable to our contention. (See, also, *People* v. *Huson,* 78 Cal. 154, 20 Pac. 369; *People* v. *Stacy,* 74 Cal. 373, 16 Pac. 192; *Faurote* v. *State,* 110 Ind. 463, 11 N. E. 474; *Ihrig* v. *Scott,* 5 Wash. 584, 32 Pac. 466; *State ex rel. Mitchell* v. *Smith,* 87 Miss. 551, 40 South. 22; *Smith* v. *Taylor,* 56 Ga. 292; *Yeakle* v. *Winters,* 60 Ind. 554.)

The bond in question includes the substance of a city ordinance, but even if this were treated as surplusage, it does not destroy the character of the bond as a statutory one. In the case of *City of Milwaukee* v. *United States F. & G. Co.,* 144 Wis. 603, 129 N. W. 786, the bond in suit simply provided that the official would "well and faithfully in all things execute and discharge the duties of" his office. Therein, it was argued that as the bond was not conditioned as the statute required, it was not an official bond, but only a voluntary bond. The same contention is made herein. It was held that, although the bond in suit differed in verbiage from the bond required by the statute, nevertheless, the bond covered that which the statute required, the surplusage would be rejected and the bond sustained as a good statutory bond. And if the bond in suit did

not contain any of the conditions set forth in section 384, but was restricted to such as the city of Butte by ordinance provided, it would be a statutory bond nevertheless. The conditions passed pursuant to ordinance would be just as much legislative as the provisions of section 384. "An ordinance passed by the common council is a species of legislation as much as an Act passed by the legislature, though the body passing it is subordinate in its character and created by the legislature itself." (*Crichfield* v. *Bermudez A. P. Co.*, 174 Ill. 466, 42 L. R. A. 347, 51 N. E. 552.) "An ordinance is in the nature of a local statute." (*Evison* v. *Chicago S. & P. M. & O. R. Co.*, 45 Minn. 370, 11 L. R. A. 434, 48 N. W. 6.) If the bond contained no conditions except such as were provided by ordinance, it would still, in its nature, be a statutory bond, existing by reason of the statutory requirements found in section 3238, Revised Codes. (*State* v. *Findley,* 10 Ohio, 51; *State* v. *Smith,* 8 Miss. 551, 40 South. 22.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

From the first Monday in May, 1905, to the first Monday in May, 1907, Phil. C. Goodwin was city treasurer of the city of Butte, and during that period it is claimed that he had on deposit with a bank large sums of public funds of the city, upon which the bank paid him interest in amounts aggregating $4,243.39. It is to recover this money that this suit was brought by the city against Goodwin and the sureties on his official bond. It is alleged that notwithstanding he received this amount of interest upon the public funds belonging to the city, he failed and refused to account for or pay over such amount, or any part thereof, to the city or to his successor in office, but wrongfully converted the same to his own use. By separate answer Goodwin denied generally all the wrongful acts charged against him, and pleaded the bar of the statute of limitations. The sureties joined in a separate answer which, to all intents and purposes, is identical with the answer interposed by Goodwin. After plaintiff had concluded its evidence upon the trial of

the cause, the court sustained a motion by defendants for a nonsuit, upon the ground that at the time of its commencement the plaintiff's action was barred. Judgment was rendered and entered in favor of defendants, and it is from that judgment that the city appealed.

1. That it was the duty of Goodwin to turn over to the city the interest earned by the public funds of the city while in his possession is not controverted by his counsel, and could not be. Whatever may be the rule in jurisdictions where the city [1] treasurer is an insurer of the public funds, in this state, where that doctrine does not prevail (*City of Livingston* v. *Woods,* 20 Mont. 91, 49 Pac. 437), he is, in point of law, a trustee of the funds for the use of the city, and under the most elementary rules of law must account for and pay over any profits derived from the use of the trust fund. (*United States* v. *Mosby,* 133 U. S. 273, 33 L. Ed. 625, 10 Sup. Ct. Rep. 327; *State* v. *McFetridge,* 84 Wis. 473, 20 L. R. A. 223, 54 N. W. 1, 998; *Rhea* v. *Brewster,* 130 Iowa, 729, 8 Ann. Cas. 389, 107 N. W. 940.)

2. The statutes of limitation pleaded, and relied upon by defendants upon the motion for nonsuit, are subdivision 3 of section 6447, Revised Codes, which provides that an action upon an obligation or liability, not founded upon an instrument in writing, other than a contract, must be commenced within three years; and subdivision 1 of section 6449, which provides that an action upon a liability created by statute, other than a penalty or forfeiture, must be commenced within two years.

Goodwin's term of office expired and he was relieved by his successor on the first Monday in May, 1907. This action was not commenced until May 27, 1911, and the important question for determination is: Was the action barred? The trial court held that the action is one upon a liability created by statute and barred within two years by the provisions of subdivision 1 of section 6449 above. However, if the action was barred by either statute relied upon, the conclusion of the trial court will be sustained; for it is settled in this state that if a party [2] is entitled to an order, the action of the court in granting

it will be affirmed even though the particular reason given for the ruling may be erroneous. (*Harrington* v. *Butte etc. Ry. Co.,* 36 Mont. 478, 93 Pac. 640.) "If the court's ruling was correct, it is immaterial that it was founded upon an erroneous reason." (*Brown* v. *Daly,* 33 Mont. 523, 84 Pac. 883.) While cases may be found holding that an action of this character is one upon a liability created by statute, a review of the history [3] of the origin and purpose of that statute (subd. 1, sec. 6449 above) will demonstrate at once that it was never intended to apply to an action of the character of the one now before us. Since, however, the discussion of the question is not of any particular consequence here, we content ourselves with a reference to Kelly on Code Statute of Limitations, Chapter XX, for the history of the provision.

We agree with counsel for appellant in their terse statement of the character of Goodwin's liability, as follows: "Twist it as one may, the liability finds its root and substance in the implied promise, the equitable promise that the law makes for a trustee, whether he will or no, to answer and account for, and pay over to his beneficiary, the secret profits of the beneficiary's money. The law says a man is not permitted to assert anywhere, in any court, that he has not conscience enough to make such a promise. Equity refuses to allow a man to so abase himself, and this proposition of equity has so long endured that even under the most rigid terms of the common-law procedure the action was for a century, at common law, on an implied *assumpsit* to make the defendant pay over to the plaintiff that which the defendant had of the plaintiff, and which in equity and good conscience should be restored." And again: "Either the treasurer is liable at common law and on the equitable principle of an implied promise which has been so long grafted into the common law as to become a part thereof, or he is not liable at all."

In *Schaeffer* v. *Miller,* 41 Mont. 417, 137 Am. St. Rep. 746, 109 Pac. 970, we considered the character of such a liability and held that it arises from a breach of an obligation or legal duty, and that an action upon such obligation is barred by the provisions of subdivision 3 of section 6447, unless commenced within three

years after the cause of action accrues. Notwithstanding the clear and forceful expression of the rule of Goodwin's liability by counsel for the city as set forth above, they insist nevertheless that this action is one upon a contract, obligation or liability founded upon an instrument in writing, or, in other words, that it is an action for the breach of a contract in writing and covered by the eight-year period prescribed in section 6445. If it is an action upon the bond and the bond is a contract, then it is upon an express promise, and if upon an express promise, it could not be upon an implied one. But counsel are right in their statement as to the character of Goodwin's liability. The obligation sued on is not founded upon any instrument in writing, but rests altogether upon the rule of law which makes the promise for the trustee that he will account for and pay over all the earnings of the trust fund while in his possession, and the cause of action arises upon a breach of the duty thus imposed by law. If this action is based upon the bond, then for every violation of official duty which amounts to a breach of the obligation of the officer's bond an action might be maintained if brought within eight years after the cause of action accrues; but that this is not so the statute itself demonstrates. If a sheriff willfully permits the escape of a prisoner arrested on civil process, his act would constitute a breach of official duty for which he and his bondsmen would be liable; but the action would have to be brought within one year, under section 6450, notwithstanding the existence of the bond. So, likewise, if such sheriff should collect money on execution and wrongfully fail to pay it over to the party entitled, this would constitute a breach of duty and give rise to an action against him and his bondsmen, but such action would have to be commenced within three years, under subdivision 1 of section 6447. If the city treasurer wrongfully seizes the property of A for taxes when none are due, such an act would give rise to a cause of action in favor of A and against the treasurer and his bondsmen for damages for the wrongful seizure; but such action would have to be brought within one year under section 6450, notwithstanding the existence of the treasurer's official bond. So, likewise, if

the city treasurer retains interest on public funds and fails to
[4] turn it over to the city, he is guilty of a breach of the
obligation of his official bond, but this is so only because he is
likewise guilty of a breach of his implied promise to pay over
such interest. It is this breach of his obligation or legal duty
which gives rise to a cause of action, and such action must be
brought within three years after the cause of action accrues,
under subdivision 3 of section 6447 above. (*Schaeffer* v. *Miller*,
above.) The illustrations might be multiplied many times, but
these suffice to indicate that the period of time during which
an action may be brought against a public officer depends upon
the character of his wrongful act, and not upon the fact that
he has given a bond in writing for the faithful performance of
official duties. The duty of the city treasurer to pay over the
interest earned on the city's funds depended, not upon his bond,
but upon his implied promise to do that which in equity and
good conscience he ought to do. The duty was imposed by law
and was not affected in the least by the giving of the bond.
Goodwin's liability would have been precisely the same if he had
performed the services without any official bond, or if he had
failed to sign the bond which he did give. If the city has a
cause of action against Goodwin, it arises from his wrongful act
in retaining money which belonged to the city—if he did so—
and not upon the violation of any express contract. If the city
treasurer had not given any bond at all but had performed the
duties of city treasurer and had received the interest which it is
alleged he did receive, his duty to pay it over to the city would
have been the same; his liability for failure to do so the same; the
city's cause of action just the same, and the proof necessary to
make out a case the same as in the present instance. (*Paige*
v. *Carroll*, 61 Cal. 211; *Ryus* v. *Gruble*, 31 Kan. 767, 3 Pac. 518;
*Spokane County* v. *Prescott*, 19 Wash. 418, 67 Am. St. Rep. 733,
53 Pac. 661; *State* v. *Conway*, 18 Ohio, 234.) Goodwin's failure
to sign the bond would not have vitiated it or lessened his lia-
bility, and if he had not signed the bond, there cannot be any
question that the action against him would have been barred in
three years, and if barred as to the principal it would have been

barred as to the sureties, notwithstanding they had signed the bond (*State* v. *Kelly*, 32 Ohio St. 421; *Ryus* v. *Gruble*, above; *State* v. *Conway*, above) ; for the bond is not a contract in the strict sense of the term. It is a sort of vicarious undertaking— [5] a collateral security for the faithful performance of official duty. (*County of Sonoma* v. *Hall*, 132 Cal. 589, 62 Pac. 257, 312, 65 Pac. 12, 459; *Oregon* v. *Davis*, 42 Or. 34, 71 Pac. 68, 72 Pac. 317; *Walton* v. *United States*, 9 Wheat. (U. S.) 651, 6 L. Ed. 182.)

Since the action was not commenced for more than four years after the conclusion of Goodwin's term of office, it was barred by the provisions of subdivision 3 of section 6447.

3. In view of what we have said, it is quite immaterial whether the bond in question is strictly a statutory bond. It was Goodwin's official bond, is so designated in the complaint, and the liability of his sureties is not extended by any terms found therein, so far as the question now presented upon the application of the statute of limitations is involved.

4. When it appeared from the plaintiff's evidence that its [6] cause of action was barred, it became the duty of the trial court to sustain the motion of these defendants for a nonsuit. (*Chowen* v. *Phelps*, 26 Mont. 524, 69 Pac. 54.)

The judgment is affirmed.

*Affirmed.*

Mr. Chief Justice Brantly concurs.

Mr. Justice Sanner: The above opinion establishes that the suit at bar is not upon a liability created by statute; that whatever interest Goodwin may have collected belonged to the city; that it was his duty to pay over or account for all moneys belonging to the city, whether principal or interest; and with all of this I agree. But I cannot assent to the conclusion that this action is barred because "upon an obligation or liability, not founded upon an instrument in writing, other than a contract, account or promise." (Subd. 3, sec. 6447, Rev. Codes.) It is quite true that in *Schaeffer* v. *Miller*, 41 Mont. 417, 137 Am. St. Rep. 746, 109 Pac. 770, and other decisions of this court prior

thereto, it is held that an action upon a constructive promise which has no foundation other than equity and good conscience, is barred by the above statute, on the theory that such a promise is no promise but a pure fiction of law; hence, if the language quoted from appellant's brief is to be taken as grounding its right to recover on such a promise and is binding on this court, the conclusion reached in the opinion is inevitable. As I understand the position of appellant, however, it is that this action is founded upon an express contract; that lying behind, justifying and furnishing the basis for the express contract is the common-law liability upon a promise to be implied from Goodwin's acceptance of the office, and which equity and good conscience will not permit him to deny. Whatever be the correct interpretation, I do not feel any more bound by the reasons of counsel than the opinion is by the reasons of the trial court.

It is required by the ordinances of the city of Butte that the treasurer "before entering upon the duties of his office, shall execute a bond to the city of Butte, with good and sufficient sureties," *etc.* In my judgment, there is here furnished sufficient consideration, sufficient explanation and sufficient requirement for the signature of the treasurer as it appears upon the instrument before us; that instrument contains the express stipulation on the part of Goodwin and his sureties that he shall pay over and faithfully account for all moneys coming into his hands belonging to the city; if he has not done this, I cannot understand how it can be that this express stipulation has not been violated, or why that violation is not the basis of his and their liability.

In *Schaeffer* v. *Miller* a clear distinction is made between those implied promises which are pure fictions of law, and those which arise from the conduct of the party sought to be charged. In the latter instance it is conceded that a true promise exists. Now, although a public office is not a contract, there is, I think, a true promise to be inferred from a public treasurer's acceptance of office, that he will pay over and faithfully account for all public moneys that may come into his hands by virtue of the office. That promise I conceive Goodwin to have made apart

from the bond; that promise was formally reiterated in set terms in the bond; and that promise applied to all moneys of the city coming into his hands, from whatever source derived. Implication may be necessary to the conclusion that the interest belonged to the city, but that the promise of Goodwin to pay over and faithfully account for the city's money is a pure fiction of law, I cannot believe.

Neither can I see any convincing reason for the rule announced in the opinion, in the fact that Goodwin's duty would have been the same if he had not signed nor given any bond; the fact remains that he did execute and give it. The concept of duty is undoubtedly back of Goodwin's liability, as it may fairly be said to be "the root" of all liability whatsoever. Breach of duty in some form is a necessary ingredient in every case; but that does not alter the fact that when the duty is formally expressed by written instrument, causes of action may be and often are founded, within the meaning of the statute of limitation, upon the instrument, even though no legal necessity existed for the execution of it.

So, I think the judgment is erroneous, even under the holding that "an official bond is not a contract in the strict sense of the term, but a sort of vicarious undertaking—a collateral security for the faithful performance of official duty." The effect of this rule is to gauge the liability of the sureties in all cases by that of the principal. If Goodwin was required to and did execute the bond, this action, as I see it, is not barred as to him. If his liability endures, that of the sureties endures also.

Rehearing denied May 7, 1913.