GALLATIN COUNTY, RESPONDENT, *v.* UNITED STATES FIDELITY & GUARANTY CO., APPELLANT.

(No. 3,415.)

(Submitted October 26, 1914.   Decided December 3, 1914.)

[144 Pac. 1085.]

*Statute of Limitations—Official Bonds—Suretyship—Nature of Undertaking.*

Official Bonds—Suretyship—Nature of Undertaking.
  1.  *Held,* under *City of Butte* v. *Goodwin,* 47 Mont. 155, that the liability of a surety on an official bond is not founded upon an "instrument in writing"—the contract of suretyship—in the sense in which that term is used in section 6445, Revised Codes, limiting to eight years the time within which an action "founded upon an instrument in writing" may be brought.

Same—Action on—Statute of Limitations.
  2.  The duty of a county treasurer to receive, keep safely and account for all moneys of the county as well as those directed by a court or statute to be deposited with him for safekeeping, is one imposed by express statutory requirement (Rev. Codes, sec. 2986); hence an action on the official bond of such an officer is on "a liability created by statute" which is barred in two years by subdivision 1 of section 6449, Revised Codes.

  Mr. JUSTICE SANNER dissenting.

  [As to liability of sureties on bonds of officers after expiration of term of office, see note in 103 Am. St. Rep. 932.]

*Appeal from District Court, Gallatin County; Geo. W. Pierson, a Judge of the Thirteenth Judicial District, presiding.*

ACTION by Gallatin County against the United States Fidelity & Guaranty Company. From a judgment for plaintiff, defendant appeals. Reversed.

*Messrs. Gunn, Rasch & Hall,* for Appellant, submitted a brief; *Mr. E. M. Hall* argued the cause orally.

In practically every state where the question has been raised the courts have held that an action on an official bond to recover public funds received by an officer and appropriated by him under statutes similar to ours is "an action upon a liability created by statute other than a penalty or forfeiture,"'and is barred when not commenced within the time named in such statute. See *County of Sonoma* v. *Hall,* 132 Cal. 589, 62 Pac. 257, 312, which case was also considered by the court *in banc* in 65 Pac. 12, 459, where the former opinion was affirmed and the court expressly overruled the earlier case of *Placer County* v. *Dickerson,* 45 Cal. 12. (See, also, *People* v. *Van Ness,* 76 Cal. 121, 18 Pac. 139. *County of Sonoma* v. *Hall,* above, was followed in *United States* v. *Axman,* 152 Fed. 816; *State* v. *Davis,* 42 Or. 34, 71 Pac. 68, 72 Pac. 317; *Multnomah County* v. *Kelly,* 37 Or. 1, 60 Pac. 202; *People* v. *Putnam,* 52 Colo. 517, Ann. Cas. 1913E, 1264, 122 Pac. 796; *Ryus* v. *Gruble,* 31 Kan. 767, 3 Pac. 518; *Ada County* v. *Ellis,* 5 Idaho, 333, 48 Pac. 1071; *Board of County Commrs.* v. *Van Slyck,* 52 Kan. 622, 35 Pac. 299; *Davis* v. *Clark,* 58 Kan. 454, 49 Pac. 665; *Board of Commissioners* v. *Hostetler,* 6 Kan. App. 286, 51 Pac. 62; *Hawk* v. *Sayler Co.,* 83 Kan. 775, 112 Pac. 602; *Spokane County* v. *Prescott,* 19 Wash. 418, 67 Am. St. Rep. 733, 53 Pac. 661; *McClaine* v. *Rankin,* 197 U. S. 154, 3 Ann. Cas. 500, 49 L. Ed. 702, 25 Sup. Ct. Rep. 410.)

*Mr. D. M. Kelly,* Attorney General, and *Mr. W. H. Poorman,* Assistant Attorney General, submitted a brief; *Mr. Poorman* argued the cause orally.

It was contended in the district court that the facts of the present case are substantially different from the facts in the *Goodwin Case,* and on this point we can do no better than to

quote from the brief submitted to that court by Mr. George Y. Patten, counsel for plaintiff: "It is respectfully submitted that the facts here are so far different from the facts in the *Goodwin Case* as to constitute an entirely different form of action, and hence require a different application of the statute of limitations. In the *Goodwin Case* the action was for the recovery of the city in an equitable action against the city treasurer of the secret profits from trust funds—that is, the interest received by Goodwin on the city funds in his possession while city treasurer. * * *

"The decision follows and seems to be based upon the decision of the supreme court in *Schaeffer* v. *Miller*, 41 Mont. 417, 109 Pac. 970, which was an equitable action to recover money advanced on the purchase price of real property where the negotiations failed and where it was held that notwithstanding there was no agreement between the parties, that the defendant was to return the money so advanced, yet equity and good conscience required him to do so, and the law implied a promise on the part of the defendant so to do. In the *Schaeffer Case* the obligation was held to be a *quasi* contract, a contract implied by law or a constructive contract. In other words, in both the *Goodwin* and the *Schaeffer Cases* the obligation was held to be not one arising out of an express promise made by the party to be charged, but to arise out of a promise which the law made for such party. * * *

"The majority opinion further holds that notwithstanding the action is on the bond of a public officer, the obligation to be enforced is that which would exist outside of the bond and for the performance of which the bond is only a collateral security, and therefore concludes that inasmuch as the action there was upon an implied promise, it was an action upon an obligation or a liability not founded upon an instrument in writing other than a contract, account or promise, and that under subdivision 3 of section 6447 of the Revised Codes, the action should have been commenced within three years. The result, therefore, of that case is that in order to determine the period of limitation

applicable, we must look to the nature of the obligation of the principal which lies back of the bond and for which the bond is security. The question, therefore, is as to whether the obligation of Weaver as county treasurer of Gallatin county to return intact the funds intrusted to him was the same as that of Goodwin to account for the interest on the public funds which he had in his possession—in other words, whether there is an implied promise only or a true and express promise on the part of a county treasurer to account for and pay over to his successor the public funds which he has in his possession.

"In the case of a county treasurer not only is there the implied obligation to return that which he receives, which promise the law creates for him, but by section 2976 of the Revised Codes he is required to give a bond, and by section 384 of the Revised Codes the condition of every official bond must be that, among other things, he will "account for, and pay over and deliver to the person or officer entitled to receive the same, all moneys or other property that may come into his hands as such officer." The last section cited also provides that all official bonds must be signed and executed by the principal as well as by the sureties. Thus, in the case of a county treasurer the law requires that he enter into an express promise in writing to account for and pay over to his successor the moneys in his hands as such officer at the close of his term. And no recourse is necessary to the doctrine of implied promises to create such obligation on his part. It is therefore apparent that the obligation sued upon is an express contract in writing.

"The view here contended for seems to be fully sustained by the decision of the supreme court of Washington in the case of *Spokane County* v. *Prescott*, 19 Wash. 418, 67 Am. St. Rep. 733, 53 Pac. 661, cited by this court in the *Goodwin Case*. There the court holds, as does this, that the bond is merely collateral security, and that the obligation to be enforced is that which exists by reason of the statutory duty of the county treasurer to pay over county funds to his successor. * * *

"The question in that case was whether the action was upon a contract in writing or liability, express or implied, arising out of a written instrument, or was an action upon a contract or liability, express or implied, which is not in writing and does not arise out of any written instrument. The court held that it fell in the latter class. In the later case of *Skagit County* v. *American Bonding Co.,* 59 Wash. 1, 109 Pac. 197, the supreme court of Washington said in referring to the *Prescott Case:* "The construction of the statute adopted by this court in the *Prescott Case* was a liberal one in favor of the defaulting officer. We do not desire to extend the doctrine there announced by any more liberal construction in favor of the appellant here."

"It is therefore submitted that the reasoning of the *Goodwin Case,* being the same as that in the *Prescott Case,* when applied to the facts in this case, which are identical with those of the *Prescott Case,* would lead to the same conclusion as that arrived at in the *Prescott Case*—that the action here, if not upon a contract in writing, is at least upon a contract not in writing, and that therefore the least period of limitation applicable would be the period of five years. Such a result would in no wise conflict with the holding of our supreme court in the *Goodwin Case,* because of the conclusion that the facts there did not show a true contract but simply a promise created by law."

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Jacob B. Weaver was county treasurer of Gallatin county for the term of two years beginning on the first Monday in March, 1907, and ending on the same day in March, 1909. The defendant was surety on his official bond. Subsequent investigations of the accounts of the office disclosed that there was a shortage in the cash paid over by Weaver to his successor of $2,000. This discovery was made a short time previous to the bringing of this action on February 21, 1913. The purpose of the action is to recover the amount of the shortage, with interest. The defendant in its answer pleaded as defenses two provisions of the

statute of limitations, *viz.*, subdivision 3 of section 6447, and subdivision 1 of section 6449 of the Revised Codes. A reply was filed denying that the action was barred by either of these provisions. The cause was submitted to the court without a jury upon an agreed statement of facts, showing that Weaver had failed to account for, and pay over to his successor, the sum of $2,000, as alleged, and that his successor's term of office began on the first Monday in March, 1909. The only question submitted for decision was whether, upon the admitted facts, the plaintiff's right of action was barred by either of the provisions of the statute pleaded. The court decided in favor of the plaintiff, and rendered judgment accordingly. The defendant has appealed.

1. The theory of the trial court was that, in so far as the surety on an official bond is concerned, his liability is created by [1] the written contract of suretyship, and hence that his liability for the default of his principal in the performance of any of his official duties is subject to the limitation of eight years, as prescribed by section 6445 of the Revised Codes. It is said by the attorney general in his brief: "The only relation existing between the bondsmen and the state (the obligee) is by virtue of this written instrument. It is this instrument, rather than the implied duty of the officer, that is looked to to determine the liability of the bondsmen. If the fact that the officer has defaulted is established, the written instrument is then called in evidence to establish the liability of the bondsmen." Starting with this general statement, he argues that, the liability of the surety being determined exclusively upon the written obligation, it is different from that incurred by the principal by his assumption of the office, and is based upon contract. The same contention was made in the case of *City of Butte* v. *Goodwin,* 47 Mont. 155, Ann. Cas. 1914C, 1012, 134 Pac. 670. It was expressly overruled; the court holding that the liability of the surety is concurrent with that of his principal, and is not extended or enlarged by the fact that the principal himself signed the obligation. The court said: "Goodwin's failure to sign the

bond would not have vitiated it or lessened his liability, and, if he had not signed the bond, there cannot be any question that the action against him would have been barred in three years, and, if barred as to the principal, it would have been barred as to the sureties, notwithstanding they had signed the bond (*State* v. *Kelly,* 32 Ohio St. 421; *Ryus* v. *Gruble* [31 Kan. 767, 3 Pac. 518], above; *State* v. *Conway* [18 Ohio, 234], above); for the bond is not a contract in the strict sense of the term. It is a sort of vicarious undertaking—a collateral security for the faithful performance of official duty. (*County of Sonoma* v. *Hall,* 132 Cal. 589, 62 Pac. 257 [65 Pac. 12, 459]; *State* v. *Davis,* 42 Or. 34, 71 Pac. 68 [72 Pac. 317]; *Walton* v. *United States,* 9 Wheat. (U. S.) 651, 6 L. Ed. 182.'' The court also said: ''The obligation sued on is not founded upon any instrument in writing, but rests altogether upon the rule of law which makes the promise for the trustee that he will account for and pay over all the earnings of the trust fund while in his possession, and the cause of action arises upon a breach of the duty thus imposed by law.'' The result of this case, therefore, is that, in order to determine which provision of the statute applies, attention must be given to the nature of the obligation of the principal which lies back of the bond, for the performance of which the bond is security. Being satisfied, after further consideration, that the conclusion reached in that case that the liability assumed by the sureties is not founded upon the written instrument, in the sense in which this expression is used in section 6445, *supra,* we follow it as a determination adversely to the contention made by the attorney general in this behalf.

2. It remains to inquire whether the action is upon ''an obligation or liability, not founded upon an instrument in writing, other than a contract, account, or promise,'' which is barred in three years by subdivision 3 of section 6447, *supra,* or upon ''a liability created by statute other than a penalty or forfeiture,'' which is barred in two years by subdivision 1 of section 6449.

If it be assumed that Weaver's duty to account for the moneys coming into his hands rested merely upon a promise implied by law, the case of *City of Butte* v. *Goodwin* directly sustains the conclusion that the limitation of three years applies. On the other hand, if the duty to account is an express statutory requirement, then the shorter limitation applies. The general duties of a county treasurer are prescribed by section 2986 of the Revised Codes. Among them is to receive and keep safely all moneys of the county, and all others directed by law to be paid to him, and to apply and pay them out, rendering an account therefor as required by law. By section 2976 he is required to give an official bond. One condition of this bond must be "that he will account for and pay over and deliver to the person or officer entitled to receive the same, all moneys or other property that may come into his hands as such officer." (Rev. Codes, sec. 384.) The bond must be signed by the principal and sureties. It will be noted that the treasurer is the fiscal agent of the county, made such by the Constitution. His duties are specifically defined and declared by the statute. The obligation to account for all moneys coming into his hands by virtue of his office is imposed upon him by the express provision of the statute and his official bond, as is also the duty to give his official bond. Whatever contrariety of opinion may exist upon the question whether his duty to account for interest he may receive upon moneys put to profitable use by him during his term of office is statutory or not, we think that the duty to account for and pay over the moneys paid directly to him by members of the public as revenue due the county, or directed by a court or by statute to be deposited with him for safekeeping, is clearly so, and that his liability for dereliction in this respect is a liability created by statute. And so it has generally been held by the courts.

In *People* v. *Van Ness*, 76 Cal. 121, 18 Pac. 139, was presented the question whether the liability of the commissioner of immigration for the state of California for fees provided for by the statute and unlawfully retained by him for his own use was a

liability created by statute. The court held that it was, and that a provision of the statute identical with ours *supra,* except that it prescribed a limitation of three years (Cal. Code Civ. Proc., sec. 338), was a bar to an action commenced after the expiration of the period of limitation prescribed therein.

In *County of Sonoma* v. *Hall,* 132 Cal. 589, 62 Pac. 257, 312, 65 Pac. 12, 459, it was sought to charge a county recorder, and the sureties upon his official bond, for fees which he was required by statute to collect for services performed by him in his official capacity and pay over to the county. The defendants having pleaded the statute, *supra,* it was held that the action was barred. The court said: "The fees that ought to have been collected are the legal fees, at the rate prescribed by statute. The duty of the defendant Hall to collect the fees with which it is sought to charge him being fixed by statute, the rate or amount of such fees being fixed by statute, * * * and the office which he held being the creation of the statute, we think this cause of action is upon a liability created by statute."

*State* v. *Davis,* 42 Or. 34, 71 Pac. 68, 72 Pac. 317, was an action against the defendant Davis, as clerk of the board of commissioners for the sale of school and university lands and the investment of funds arising therefrom, and the sureties upon his official bond, to recover moneys embezzled by Davis. The action was brought more than six years after the cause of action had accrued. Under a statute containing the same provision as that of California, except that the period of limitation was six years, it was held that the action was barred. After reference to cases decided by that court and by the court of California, the supreme court of Oregon said: "The theory upon which the adjudications proceed is the obvious fact that a bond or undertaking of a public officer creates no obligation in itself, but is in the nature of a collateral contract, simply furnishing a security against the neglect of duty or the dishonesty of the officer, and that an action thereon is for the breach of such duty, and therefore, in effect, although not in form, an action against the officer for misfeasance or nonfeasance in office, which, when barred as to him, is barred as to his sureties." To the same

effect is the case of *Multnomah County* v. *Kelly, Sheriff*, 37 Or. 1, 60 Pac. 202.

In Colorado it is held that an action against a sheriff for failure to account for fees above the amount of his salary is a breach of his statutory duty; that his liability, therefore, is created by statute; and that the provision of the Code of that state fixing the limitation for an action for such a breach of duty applies to an action against the sheriff and his sureties, the liability of the latter being concurrent with, and not greater than, that of the former. (*People* v. *Putnam*, 52 Colo. 517, Ann. Cas. 1913E, 1264, 122 Pac. 796.)

We content ourselves by notice of these cases which are directly in point. The following are cited as supporting, in principle, the rule, either directly or by clear analogy: *Ryus* v. *Gruble*, 31 Kan. 767, 3 Pac. 518; *McClaine* v. *Rankin*, 197 U. S. 154, 3 Ann. Cas. 500, 49 L. Ed. 702, 25 Sup. Ct. Rep. 410; *United States* v. *Axman* (C. C.), 152 Fed. 816; *Ada County* v. *Ellis*, 5 Idaho, 333, 48 Pac. 1071; *Board etc.* v. *Van Slyck*, 52 Kan. 622, 35 Pac. 299; *Ware* v. *State*, 74 Ind. 181; *Spokane County* v. *Prescott*, 19 Wash. 418, 67 Am. St. Rep. 733, 53 Pac. 661; *State* v. *Conway*, 18 Ohio St. 234.

Our attention has not been called to any case announcing a different rule. We therefore hold that the default of Weaver was a breach of duty imposed upon him directly by statute, and that his liability was created by statute. An action thereon was therefore barred both as to him and the defendant surety, by the lapse of two years, under subdivision 1 of section 6449, *supra*.

The judgment is reversed, with direction to the district court to dismiss the action.

*Reversed.*

MR. JUSTICE HOLLOWAY concurs.

MR. JUSTICE SANNER: I dissent. There cannot, in my opinion, be any doubt that the instant case is within the precedent established by the majority of this court in *City of Butte* v. *Goodwin*, 47 Mont. 155, Ann. Cas. 1914C, 1012, 134 Pac. 670. I was unable, however, to assent to that decision, and I am unable to assent to this.